FREEDOM OF THE PRESS, INC., Plaintiff, *v.* NEWS DEALERS ASSOCIATION OF GREATER NEW YORK, INC., Defendant.

Supreme Court, Special Term, New York County, December 19, 1950.

*Freedman & Unger* for plaintiff.

*William Richter* and *Edward Norwalk* for defendant.

BOTEIN, J. The plaintiff owns and publishes *The Daily Worker,* a newspaper acknowledged to be the official organ of the Communist party of the United States. The defendant membership corporation is an organization of newsstand dealers. Its membership represents a small fraction of the total number of news dealers in the city of New York.

On November 30, 1950, the executive board of the defendant association adopted a resolution which roundly denounced the subversive activities of *The Daily Worker* and the Communist party. It concluded as follows: '' Resolved that it be recommended to the members, individually and acting as loyal patriotic Americans, not to buy for resale or sell said ' Daily Worker '.

'' And it is Further, Resolved that this resolution be submitted to the membership for appropriate consideration and vote.''

A meeting of the membership was scheduled for December 3, 1950, for the publicized purpose of voting upon this resolution. The plaintiff, characterizing the contemplated action as an unlawful boycott and an illegal conspiracy to injure it, has brought an action to enjoin any further steps toward implementation of the resolution.

Prior to the date of the membership meeting the plaintiff, by order to show- cause, brought on this motion to restrain *pendente lite* any further action upon the resolution. The mem-

bership meeting was held. Although the order to show cause contained no restraining provision, the membership vote upon the resolution was nevertheless deferred — indefinitely, insofar as the record indicates.

The defendant asserts that all of its members are individuals who are licensed by the City of New York and that many are veterans. It states that the general abhorrence of communism in this country has been so intensified by the tensions of the international situation, the subservience of the Communist party in this country to the dictates of Moscow, and more particularly, the current warfare in Korea, that it is economically detrimental, and also dangerous, to display and sell *The Daily Worker*. Numerous complaints and requests for advice, according to the defendant, prompted its executive board to consider the matter, " for the purpose of formulating some policy or expression of opinion to be passed on to the members for their consideration."

Whether the action which might be taken at the membership meeting would constitute or launch an illegal conspiracy is an issue which I am unable to reach upon this motion, because it is brought prematurely. There is no way of knowing at this time whether the resolution will be translated into action at all; and if so, what action will be taken by the membership. This doubt is not a theoretical one; it is based upon a practical consideration of the situation.

A court may not dismiss a motion of this character as premature merely because there is a bare, technical possibility that the event will be averted. The evidence must be weighed pragmatically, in an endeavor to determine whether there is some reasonable expectation that the action sought to be restrained will never be taken, and the motion thereby rendered academic.

Considered in this frame, I believe there is some prospect that the allegedly offending resolution may never be passed; or that it may not be passed in its present form.

Unquestionably the executive board, in adopting the resolution, was animated by unblemished motives of patriotism and moral indignation. The board had a basis for believing that its resolution reflected the sentiments of the organization, which is composed of loyal, decent, hard-working men. Clearly, few, if any, of the members would cavil at the bristling excoriation of communism which prefaces the resolution.

It is not as certain, however, that the membership will vote in favor of the entire resolution. Implicit in such a certainty,

if entertained, would have to be a finding that the members slavishly follow the lead of the executive board. There is no evidence upon which to bottom such a finding of abdication of powers by the many, or arrogation of power by the few. The very deferment of the membership vote betokens a spirit of moderation.

For the vigor, the successful functioning, the very survival of such democratic organizations is dependent upon the capacity of its individual members for sturdy self-expression; and upon their genius for shrewd, unfettered appraisal of all measures laid before them.

It is clear that the defendant association is composed of men who possess these qualities. The history of its organization and subsequent progress, the purposes recited in its certificate of incorporation, the calibre of its membership, compel such a conclusion. I have too much faith in the judgment and staunchness of free men to accept the plaintiff's assumption that the very presentation of this resolution is the guarantee of its adoption.

An organization united solidly against communism may be divided as to methods for combating communism. The resolution may be defeated by the members, or it may be weakened or modified so that no injunctive relief need be sought. It may be passed or it may be greatly strengthened. In such event the plaintiff will have ample opportunity, before an affirmative vote can be carried into effect, to procure timely legal restraint to avert irreparable harm; provided, of course, the action contemplated by the offending resolution should be unlawful.

The law will not essay to restrain something which may never eventuate. Motion denied.