Owest McGiverjst, J.
In this action to enjoin transfer of a controlling stock interest in the defendant bank, plaintiffs now move for a temporary injunction to enjoin consummation of the contemplated sale to the defendants Howard Kaskel, Alvin Schragis and Morton Blum. The latter are, respectively, the son and sons-in-law of the defendant Alfred L. Kaskel who is advancing the money for the acquisition of the stock.
Stripped of excess verbiage, the gravamen of the complaint and the affidavits -submitted in support of the application is that Alfred Kaskel is a person of bad repute who may exploit the acquisition of financial control of the bank for his own benefit. In short, it is urged that the bank is in danger of being looted and that Alfred Kaskel seeks control to obtain a captive source of finance. In support of this contention, it is alleged that he was indicted and still is under indictment on charges relating to allegedly false statements made in connection with loans obtained from another bank by corporations in which he and his associates had an interest. In actuality, two of the three indictments referred to have been dismissed while the third, pending since 1955, went to trial after several years only to result in a mistrial.
*769 The sole affiant in support of this application and who verified the complaint concedes that he is “ not in a position to express any opinion concerning the technical guilt or innocence of defendant Alfred L. Kaskel”. Furthermore, the affidavits in support of the application are quite devoid of probative facts disclosing existing or threatened wrongdoing. Nevertheless, heavy reliance is placed upon the argument that the purchaser defendants are merely “fronts” for the defendant Alfred Kaskel whose reputation is such that public confidence in the defendant bank would be damaged if control were permitted to pass to him. The defendants’ answers and the affidavit in opposition to this application raise sharp issues of fact with respect to not only this contention but also with respect to the differential between the purchase price of the stock and its book value as evidence of fraudulent motive; questioned also is the contention of plaintiffs that counsel for the group controlling the majority stock, who also happened to be counsel for the defendant bank, were under any duty to submit offers of purchase to minority stockholders.
The essence, however, of plaintiffs’ argument is that like Caesar’s wife a prospective purchaser must be above suspicion; otherwise, majority stockholders are under a duty to minority stockholders not to sell their stock to such a dubious person. Were this to be accepted as a valid legal argument for the granting of an injunction, it would be an open encouragement to unwarranted applications. But claims of irreparable injury based upon speculation do not support a grant of the remedy (People v. Canal Bd., 55 N. Y. 390, 395; Freedom of the Press v. New Dealers Assn., 198 Misc. 1084; Viking Press v. Hearst Mags., 88 N. Y. S. 2d 375, 377). And when the facts upon which the right to a final judgment depend are a matter of substantial controversy, an injunction pendente lite may not be granted (Voorhees & Hobart v. Hobart, 251 App. Div. 111; Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182; Duro-Test Corp. v. Donaghy, 9 A D 2d 860).
The mere sale of a controlling stock interest by those who own same gives rise to no duty upon the majority to secure a sale at the same price for all, even though the sellers hold a managerial office in the corporation (Stanton v. Schenck, 140 Misc. 621; Barnes v. Brown, 80 N. Y. 527; Levy v. American Beverage Corp., 265 App. Div. 208; Keely v. Black, 91 N. J. Eq. 520). The supporting affidavits herein fail to disclose such facts as would establish a fiduciary relationship that has been breached and which calls for redress by the courts. Whether *770 a plenary trial of the issues may ultimately disclose facts giving-rise to some enlarged duty owing the minority stockholders by the majority is no proper subject of present concern or speculation.
It is accepted laiv that temporary injunctive relief will not lie unless it has been established that a ‘ ‘ clear legal right ’ ’ to such relief exists (Kaylon v. Collegiate Mfg. Co., 255 App. Div. 209; Barricini, Inc. v. Barricini Shoes, 1 A D 2d 905). This is particularly so where, as here, the relief preliminarily sought is the same as, or would effectuate the same purpose as, the relief finally sought in the action (Davis v. Epoch Producing Corp., 91 Misc. 631, 635 [Spec. Term, N. Y. County, 1915]). The motion for a temporary injunction must be and is denied.