James A. Roe, Jr., J.
In this action for a permanent injunction, plaintiff moves for a temporary injunction pendente lite, restraining the defendants from soliciting or servicing the clients of the plaintiff and from being employed or owning or being otherwise engaged in the beauty salon business or allied fields, within a radius of one mile from plaintiffs’ beauty salons in Flushing, New York, for a period of six months from the termination of their former employment with the plaintiff, until a trial on the merits of the action.
This motion was brought on by an order to show cause returnable at Special Term on October 4, 1962. A copy of that order, together with the moving papers and copies of the summons and complaint in the action, were served on defendant Schwartz on October 1,1962, and upon defendant Rubin on October 2,1962. The motion was argued and submitted on October 9, 1962.
The complaint herein, in substance, alleges that plaintiff owns a chain of beauty salons located throughout the State of New York, possessing a superb reputation in the fields of hair dressing and hair styling; that defendants, for years prior to their opening of their own beauty salon, were employees of the plaintiff in the capacity of ‘ ‘ hair dressers and hair stylists in the creative sense ” (emphasis supplied) and that their work “ is of a unique nature and because of this, these defendants are not easily replaceable that the defendants opened their own beauty salon one month after they terminated their employment with the plaintiff; that while in plaintiff’s employ they conspired with each other and with other employees of the plaintiff to open their own salon and bring to their salon the secret and confidential techniques, skills, colorings, hair styles, etc., that they had learned while in plaintiff’s employ; that defendants unfairly and illegally solicited the employees and customers of the plaintiff and succeeded in taking away many of plaintiff’s customers and several of its employees, and that they stole plaintiff’s confidential customers’ lists and otherwise caused great damage to the plaintiff’s reputation; and that defendant Schwartz opened up defendants’ salon one block away from one of plaintiff’s and two blocks away from another of plaintiff’s salons, contrary to a restrictive covenant in the contract of *316 employment he had signed with the plaintiff, dated October 24, 1961, whereby Schwartz agreed not to engage in the beauty salon business, in any wise, within a radius of one mile from plaintiff’s salons for a period of six months.
From an examination of the complaint and of plaintiff’s moving affidavits this court is of the opinion that there has not been a clear and convincing evidentiary showing that would entitle plaintiff to the drastic relief which it seeks on this application. Furthermore, the answering affidavits of the defendants have raised very sharply disputed issues which cannot properly be tried on a motion of this kind. Without going into details, it is clearly evident that the facts in this case are sharply disputed, and that plaintiff has not made out a clear right to the temporary relief and to the ultimate relief it seeks in this action.
A party is not entitled to a temporary injunction, unless the right is plain from the undisputed facts. If the right depends upon an issue which can only be decided upon a trial, the injunction cannot be granted. (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182; Voorhees & Hobart v. Hobart, 251 App. Div. 111.) Where the facts, as in the case at bar, are in sharp dispute, a temporary injunction will not be granted. (Morrin v. Structural Steel Bd. of Trade, 231 App. Div. 673; Geed v. Braunsdorf, 277 App. Div. 1001; cf. Schwamm v. Alpert, 31 Misc 2d 768.)
In Yome v. Gorman (242 N. Y. 395, 401-402) the Court of Appeals held that a mandatory injunction “ if ever permissible in advance of final judgment, is plainly inappropriate unless the undisputed facts are such that a trial is a futility ” (emphasis supplied). It is an extraordinary remedy “to be granted or withheld * * * in the exercise of discretion” (Kane v. Walsh, 295 N. Y. 198, 205). See, also, Pizer v. Trade Union Serv. (276 App. Div. 1071) and Gittlin Bag Co. v. Bresky (279 App. Div. 570).
Furthermore, there is no clear evidentiary showing made by plaintiff that it has suffered or will suffer irreparable damage. The conclusory statements in the complaint and supporting affidavits cannot take the place of the clear evidentiary showing required. Defendants sharply dispute that plaintiff has suffered or will suffer any damage at all, and they aver that plaintiff’s salon across the street from the defendants’ has been closed and boarded up due to an explosion, and that plaintiff is doing a flourishing business at its other salon two blocks from defendants’; also, that the area in which these salons are located is so fully populated as to well afford sufficient business to more *317 beauty salons. Thus there is a sharp dispute as to whether plaintiff has been damaged at all.
Defendants dispute that plaintiff had any confidential customers’ lists or files and aver that the customers’ names in the business are put down for only two reasons, neither of them peculiar or confidential. One is for the purpose of making appointments and the other to record when the last service has been administered; that these were never kept under lock and key and were available to one and all; that they never removed said so-called “lists”; that they never solicited any of plaintiffs’ customers by mail, telephone or any other private method; that defendants’ business is an off-the-street, walk-in, retail service business of a very ordinary and competitive nature. Defendants further aver that nuances of style, coloring and method are not secret or confidential in any sense and are freely available in and out of any beauty shop.
From all the papers submitted on this motion it is apparent that plaintiff’s application is more in the nature of preventing defendants from competing with it, rather than preventing defendants to engage in unfair and illegal competition with it or to utilize any of plaintiff’s alleged trade secrets, customers’ lists or employees.
An injunction against a former employee which will have the effect of serving only to protect a former employer from ordinary competition, rather than protect his business against competition by improper and unfair methods, is against public policy, despite a negative covenant in the employment contract. (Rochelle v. Amendola, 11 A D 2d 786.)
Enforcement of contracts which in the absence of special circumstances prevent a person from working at his occupation or entering the same line of business as his former employer is against the public policy of the State of New York. (Murray v. Cooper, 268 App. Div. 411.)
This policy was thoroughly discussed in Clark Paper & Mfg. Co. v. Stenacher (236 N. Y. 312) in which" the Court of Appeals quoted with approval Herbert Morris, Ltd., v. Saxelby ([1916] 1 A. C. 688, 701, 702, 704). In that case the defendant, an engineer, covenants that he would not during a period of seven years from the ceasing of his employment carry on either as principal, agent, or servant, alone, or in connection with any other person or firm, a like business to that of his employer. The House of Lords, in affirming a dismissal of the action, said: “ In all eases such as this, one has to ask oneself what are the interests of the employer that are to be protected * * *. He is *318 also entitled not to have his old customers .by solicitation or such other means enticed away from him. But freedom from all competition per se apart from both these things, however lucrative it might be to him, he is not entitled to be protected against. He must be prepared to encounter that even at the hands of a former employee. * * * That doctrine does not mean that an employer can prevent his employee from using the skill and knowledge in his trade or profession which he has learnt in the course of his employment by means of directions or instructions from the employer. That information and that additional skill he is entitled to use for the benefit of himself and the benefit of the public who gain the advantage of his having had such admirable instruction.”
Plaintiff’s application must be denied since it seems manifest that the granting of the temporary injunction would bear more heavily on the defendants than would the denial upon the plaintiff. (Michelsen v. Leskowicz, 55 N. Y. S. 2d 831, affd. 270 App. Div. 1042; Giordano v. Dellwood Dairy So., 153 Misc. 54.) Restraining the defendants would unquestionably cause defendants to sustain grievous loss, and the application must also be denied for that reason. (Forstmann v. Joray Holding Co., 244 N. Y. 22, 29, 30; Bourianoff v. Metropolitan Life Ins. Co., 29 N. Y. S. 2d 50, affd. 263 App. Div. 802.)
Accordingly, this court is constrained to deny plaintiff’s motion in the exercise of discretion. Motion denied.