■ INCORPORATED VILLAGE OF LYNBROOK, Appellant-Respondent, v NICHOLAS PELLEGRINO, Respondent-Appellant, and ALL ISLAND TRUCK LEASING, INC., Doing Business as BUDGET RENT A TRUCK, Respondent. — In an action, *inter alia,* to permanently enjoin defendants from using certain premises in a manner unauthorized by the provisions of plaintiff's zoning ordinance and a previously granted variance, plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (McGinity, J.), entered June 25, 1980, as, after a nonjury trial, denied its application "for a permanent injunction restraining the defendants from the parking of motor vehicles on the outside of the subject premises." Defendant Pellegrino cross-appeals from so much of the same judgment as declared that he was in violation of the zoning ordinance in permitting the subject premises to be used for the operation of an auto body shop and enjoined said defendant from permitting "Precision Collision" to use said premises for such operation. Said defendant has apparently abandoned his direct appeal from an order of the same court dated May 2, 1981. That order comes up for review upon his appeal from the judgment (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, on the law, without costs or disbursements, under plaintiff's first cause of action defendants are enjoined from using, or permitting the use of, the subject premises for the rental of motor vehicles unless and until a variance has been obtained which authorizes such use, and the amended complaint is otherwise dismissed. The property in question is located on the south side of Sunrise Highway in the Village of Lynbrook. It consists of two contiguous parcels, and is owned by defendant Pellegrino. For almost 30 years, until 1978, the property was occupied and used by a franchised new car dealership operated by Pellegrino or others. Parcel No. 1 contained a showroom. In the same building with the showroom were automobile repair shops, including an automobile body shop. Parcel No. 2 was utilized as a car lot for the sale of used cars taken in as trade-ins on new cars. The used car lot was allowed pursuant to a permit. In 1978 the franchise terminated. Subsequently, a business known as "Budget Rent A Truck" rented

Parcel No. 2 from defendant Pellegrino and began renting vehicles from that parcel. Plaintiff brought this action against Pellegrino and the operator of the truck rental business to enjoin the storage and/or rental of vehicles from defendant Pellegrino's property. The subject property is located in a commercial district. Subdivision (k) of section 20-57 of the Village of Lynbrook Zoning Ordinance allows, as a permitted use in a commercial district, "[s]howrooms for the display or sale of motor vehicles with the right to have as an accessory use thereof, a repair shop". However, the ordinance contains express prohibitions that vehicles may not be "stored upon vacant lots or plots" and automobiles may not be sold except from salesrooms (Zoning Ordinance, § 20-58, subds [n], [w]). Automobile repair shops are also prohibited, except when used in conjunction with a showroom (Zoning Ordinance, § 20-58, subd [r]). Used car lots, while expressly prohibited, are allowed in certain areas, pursuant to permit, when the cars sold on such lots are "used cars taken in as part of the purchase price of the said [franchised] dealer's new cars" (Zoning Ordinance, § 20-101, subd [a]). The rental of cars is neither expressly prohibited nor permitted. We agree with the trial court that the plaintiff has not proven that the vehicles being rented from the subject property were being "stored" on the property. Plaintiff's witnesses could not say how long the same vehicles were continuously there. The vehicles were apparently licensed and regularly in use. "Storage" denotes permanency, while "parking" denotes transiency (Zoning Ordinance, § 20-2, subds [58], [71]). On this record it is more appropriate to classify the placing of the rental vehicles on the property as "parking" rather than "storing" (see *Matter of Monument Garage Corp. v Levy,* 266 NY 339, 343-344; *Incorporated Vil. of Great Neck v Green,* 8 Misc 2d 356, affd 5 AD2d 779). Insofar as plaintiff relies on the terms of the variance granted to defendant Pellegrino, which provides that "no cars will be allowed or placed" upon the premises, we agree with the trial court that that reliance is misplaced since the more restrictive terms of the variance have been superseded by the terms of the subsequently enacted zoning ordinance (see *Matter of Clearview Gardens Pool Club v Foley,* 19 AD2d 905). As indicated, the rental of motor vehicles is neither an expressly permitted nor an expressly prohibited use in a commercial district under the Lynbrook Zoning Ordinance (see Zoning Ordinance, §§ 20-57, 20-58). Such use is nonetheless prohibited in the case at bar since no variance permitting the use was obtained. Section 20-208 of the ordinance provides, in pertinent part: "(b) Where an appeal is taken for a variance to permit a use which is expressly prohibited, no variance or 'exception' shall be granted. (c) Where an appeal is taken for a variance to permit a use which is not expressly permitted nor expressly prohibited, the board may grant a variance upon the standard and guide hereinafter set forth." The intent of the local legislature is clear: uses not expressly permitted nor expressly prohibited in a commercial district are prohibited, except where a variance has been obtained. The prohibition against the maintenance of an outside vehicle rental business in a commercial district without a variance is not unconstitutional as applied to defendant Pellegrino (cf. *Town of Clarence v Suburban Trailer Sales,* 30 AD2d 1036). Although defendant Pellegrino might have been permitted to have operated a used car lot in conjunction with a new car franchise, it does not follow that he must be permitted to have a vehicle rental business on his property merely because cars are being sold from an adjoining parcel (cf. *Matter of Calcagni Constr. Co. v Zoning Bd. of Appeals of Town & Vil. of Harrison,* 56 AD2d 845). The local legislature could rationally conclude that the operation of a used car lot in conjunction with a new car franchise and the operation of a car rental business unrelated to any other activity are not functionally equivalent. During the trial, testimony was taken to the effect that cars were still being displayed and apparently sold from the showroom on

Parcel No. 1, and that an automobile body shop was in the same building. A subsequent affidavit from defendant Pellegrino confirms that a body shop is in operation in the building, under the name "Precision Collision". The trial court *sua sponte* held that this use must be enjoined because a body shop was neither an automobile repair shop nor an accessory use to the display or sale of motor vehicles. Assuming that it was proper for the trial court to consider the issue, notwithstanding the absence of a request by plaintiff that such use be enjoined and the fact that the operator of the body shop was not a party to this action, we do not agree with the trial court's conclusion that operation of a body shop on Parcel No. 1 is an unauthorized use under the circumstances of this case. The phrases "motor vehicle repair shop" and "repairs" are defined broadly enough by the ordinance to include an auto body shop within the definition of a "motor vehicle repair shop" (Zoning Ordinance, § 20-2, subds [54], [62]; *Matter of Pete-Lor, Inc. v Haber,* 39 AD2d 40; *Van Nostrand v Dalmata,* 43 AD2d 752). Since a motor vehicle repair shop is expressly classified as an accessory use to the sale of motor vehicles from a showroom (Zoning Ordinance, § 20-57, subd [k]), and because the record indicates the showroom is in operation, the body shop is a permissible accessory use. Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.