■ MORGAN I. OGOE, Individually and as Administrator of the Estate of VERONICA OGOE, Deceased, and as Parent and Natural Guardian of MORGAN I. OGOE, JR., and Others, Infants, Respondent-Appellant, v NEW YORK HOSPITAL, Respondent, and LAMCO J. V. OPERATING COMPANY, Appellant-Respondent. — Order of Supreme Court, New York County (Allen Murray Myers, J.), entered March 17, 1983, insofar as it denied defendant Lamco's motion to dismiss the action commenced by service of a summons and complaint in November, 1982 on the ground of Statute of Limitations, or in the alternative to compel arbitration of the claims asserted against Lamco therein, and insofar as it granted defendants' motions to dismiss the action commenced by an August, 1981 summons while denying plaintiff's cross motion to compel defendants to accept late service of a complaint in connection therewith, unanimously modified, on the law, without costs, to the extent of granting a stay of the action against Lamco and directing arbitration with Lamco, and otherwise affirmed. ¶ Plaintiff was employed under contract by defendant Lamco, a Swedish corporation, in Liberia. The contract of employment implicitly provided for hospitalization for plaintiff's wife by stating that plaintiff would be responsible for all costs of her medical care that could not be provided at Lamco hospitals. The contract further contained a broad arbitration clause requiring all disputes to be settled in Sweden. ¶ Plaintiff's wife became ill and was initially treated at a Lamco hospital in Liberia in late 1979. In February, 1980 she traveled to New York City, and was admitted, with Lamco's assistance, to defendant the New York Hospital. Plaintiff left his employ with Lamco two weeks later, in March, 1980, to join his wife in New York. Plaintiff's wife was discharged from New York Hospital in May of that year, Lamco being informed that her recovery had been complete. Lamco paid for this hospitalization. ¶ One month later, plaintiff's wife was readmitted to New York Hospital. This time her condition deteriorated, and she died nearly two months later, at the end of July, 1980. Lamco declined to pay the hospital bill of $19,468.18 for this second visit, asserting that it had no knowledge of plaintiff's wife's readmission, had not authorized it, and was not obligated to and would not pay for it. ¶ In August, 1981 plaintiff, on behalf of himself, his children and the estate of his late wife, brought an action against Lamco and the New York Hospital by service of a summons, in Lamco's case served upon a corporation in New York City which was a subsidiary of Lamco's parent company. Lamco's demand for a complaint went unheeded for over 14 months. However, on

November 1, 1982, a second summons with a complaint was served in the same manner. The complaint alleged causes of action for breach of contract against both defendants, and medical malpractice against the hospital. ¶ Lamco moved to dismiss, challenging the action commenced by summons in August, 1981, for plaintiff's failure to serve a complaint in a timely manner. Lamco further sought to portray the November, 1982 action, commenced with new summons and complaint, as really one for wrongful death, which would thus be barred by the Statute of Limitations (CPLR 3211, subd [a], par 5). In the alternative, Lamco sought an order staying the action and compelling arbitration under the contract (CPLR 7503, subd [a]) despite the allegation that Lamco had no contractual obligation to plaintiff or his wife at the time of the latter's second hospitalization and subsequent death. ¶ Special Term correctly viewed the November, 1982 summons and complaint as having commenced a new action (see *Lancaster v Kindor,* 98 AD2d 300). The earlier action by summons alone was properly dismissed for failure to serve a complaint in a timely fashion. Special Term deemed the surviving 1982 action against Lamco as one for breach of contract, and thus not barred by the Statute of Limitations. However, the court dealt with the alternative relief sought by Lamco as an application to dismiss because of the existence of the arbitration clause. Actually, the motion sought dismissal under CPLR 3211 (subd [a], par 5) pursuant to the Statute of Limitations, or compulsory arbitration under CPLR 7503 (subd [a]), upon the ground that plaintiff's employment contract provided that all " 'disputes in connection with this contract shall be finally settled in Sweden by arbitrators in accordance with the Swedish Arbitration Act of June 14, 1929.' " among the bases for dismissal under CPLR 3211 (subd [a], par 5) are both "arbitration and award" and "statute of limitations". The mere existence of an arbitration clause in the contract would not authorize dismissal of the action. Only an "arbitration *and award*" would warrant such a dismissal. (*Langemyr v Campbell,* 23 AD2d 371; *Prince of Peace Lutheran Church v Hibner,* 44 AD2d 830.) Moreover, the relief requested by Lamco in connection with arbitration was a stay of this action and a direction to compel arbitration, not a dismissal of this action. Lamco was entitled to such relief under the arbitration clause in the contract, and we so direct. Any liability of Lamco to the plaintiff would necessarily arise out of the relationship created by the contract. ¶ The fact that plaintiff's late wife was a third-party beneficiary under the employment contract does not deprive Lamco of its affirmative defense against plaintiff, the party with whom it had contracted (*Hanrihan v Parker,* 19 Misc 2d 467). Concur — Sullivan, J. P., Asch, Bloom, Fein and Milonas, JJ.