(April 27, 1987)

■ BENJAMIN KURZBAN & SON, INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action for a judgment declaring that the defendant breached a construction contract between the plaintiff and the defendant, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated January 16, 1987, which denied its motion for a preliminary injunction staying a default hearing by the defendant.

Ordered that the order is affirmed, with costs.

In June 1985, the parties entered into a contract whereby the plaintiff was to perform certain construction and alteration work for the defendant. Various disputes arose, and the plaintiff never performed any of the work. By summons and complaint dated August 14, 1986, the plaintiff commenced this

action to declare the defendant in default of the contract. By letter dated November 14, 1986, the defendant notified the plaintiff that the defendant's Board of Review was scheduled to hold a default hearing with reference to the plaintiff's failure to perform under the contract. The plaintiff moved for a preliminary injunction to enjoin the defendant from holding the default hearing until after the determination of the declaratory judgment action. The plaintiff appeals from the order denying its motion for a preliminary injunction. We affirm.

It is well settled that in order to obtain a preliminary injunction, a party must demonstrate (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that the equities are balanced in his favor (see, McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165, 172, lv denied 67 NY2d 606). In an attempt to demonstrate that it would suffer irreparable injury if the preliminary injunction were not granted, the plaintiff submitted an affidavit by its construction manager which stated, inter alia, that the plaintiff does 90% of its work for municipal agencies. An affirmation submitted by the plaintiff's attorney repeated this contention and alleged that the plaintiff would be forced to go out of business if it were declared in default by the defendant. No financial statements or other evidence were submitted to substantiate these claims. These bare, conclusory allegations were insufficient to satisfy the plaintiff's burden of demonstrating irreparable injury (see, L & J Roost v Department of Consumer Affairs, 128 AD2d 677; Kaufman v International Business Machs. Corp., 97 AD2d 925, 926, affd 61 NY2d 930). Moreover, injunctive relief will not lie where there is an adequate remedy at law in a proceeding under CPLR article 78 (see, Kane v Walsh, 295 NY 198, 206; Grogan v Saint Bonaventure Univ., 91 AD2d 855; Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 70 AD2d 1021, appeal dismissed 48 NY2d 654).

Finally, the plaintiff has failed to demonstrate that the balance of the equities is in its favor. Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.