■ L. J. Coppola, Inc., Appellant, v Park Mechanical Corp. et al., Respondents.—In an action for a judgment declaring that a contract awarded to the defendant Park Mechanical Corp. by the defendant County of Westchester is null and void and directing that the plaintiff be awarded the contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Green, J.), dated February 3, 1986, which denied its motion for a preliminary injunction enjoining the award of the contract to the defendant Park Mechanical Corp. and the performance of the contract by that defendant.

Ordered that the order is affirmed, with costs.

In March 1985 the defendant County of Westchester invited the submission of bids for work on the expansion and upgrade of the Port Chester Wastewater Treatment Plant. The bid documents required that each bid be accompanied by security in the amount of 5% of the proposed bid. The county also reserved the right to waive any "informalities" in the submitted bids. Three bids for the plumbing contract were opened on June 20, 1985, with the lowest bid being rejected. The second lowest bid, which was submitted by the defendant Park Mechanical Corp., was unaccompanied by the required security. The plaintiff's bid, although the highest, was submitted simultaneously with the bid security.

On June 27, 1985, the county directed Park Mechanical Corp. to submit the required security. Park Mechanical Corp. complied on July 11, 1985. On October 17, 1985, the plumbing contract was awarded to Park Mechanical Corp., and on that same date the plaintiff brought this action (1) for a judgment declaring that Park Mechanical Corp.'s bid and contract were null and void due to its failure to originally submit a bid security, and (2) for a direction that the plaintiff be awarded the contract. The plaintiff also sought a preliminary injunction enjoining the award of the contract to Park Mechanical Corp. and its performance under the contract.

The record reveals that the Supreme Court properly denied the plaintiff's application for the preliminary injunction.

"It is well settled that in order to obtain a preliminary injunction, a party must demonstrate (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that the equities are balanced in his favor" (Kurzban & Son v Board of Educ., 129 AD2d 756). General Municipal Law § 103 (1) provides that municipal contracts shall be awarded to "the lowest responsible bidder furnishing the required security". This

court, however, has stated that "as a general rule the awarding body has the right to waive the security when it is beneficial to do so" *(Matter of Superior Hydraulic v Town Bd.,* 88 AD2d 404, 408-409, *appeal dismissed* 58 NY2d 824).

In addition, although the county required that all bids be accompanied by bid security, it also reserved the right to waive all informalities—a right which was exercised when the county permitted the defendant Park Mechanical Corp. to submit the security after its original bid was opened. The plaintiff has therefore failed to demonstrate the likelihood of ultimate success on the merits.

The plaintiff has also failed to demonstrate that damages would be insufficient. Thus, there has been no showing of irreparable injury *(see, McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 174, *lv denied* 67 NY2d 606; *see also, Jackson Dairy v Hood & Sons,* 596 F2d 70, 72).

In light of both public and environmental considerations it is clear that the equities were not in favor of granting the plaintiff a preliminary injunction. Under the circumstances of this case, the granting of a preliminary injunction would be inappropriate. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.