■ P & L GROUP, INC., Respondent, v ABRAHAM GARFINKEL et al., Appellants.—In an action, *inter alia,* to permanently enjoin an alleged breach of the restrictive covenants contained in the defendants' employment agreements with the plaintiff, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated April 6, 1987, as amended April 27, 1987, as granted that branch of the plaintiff's motion which was for a preliminary injunction, enjoining the defendants, and any of their employees, agents, servants and anyone acting in concert with them from directly or indirectly, contacting, soliciting or doing business with any employee, applicant or employer, the identity of whom or which the defendants learned while they were employed by the plaintiff.

Ordered that the order, as amended, is reversed insofar as appealed from, with one bill of costs, and that branch of the plaintiffs' motion which was for a preliminary injunction is denied.

It is well settled that a party seeking a preliminary injunction has the burden of establishing " '(1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a

balancing of equities favors [the movant's] position' " *(see, Zurich Depository Corp. v Gilenson,* 121 AD2d 443, 444). Furthermore, a preliminary injunction enforcing a restrictive covenant against a former employee will only be granted where " 'the right is plain from the undisputed facts. If the right depends upon an issue which can only be decided upon a trial, the injunction cannot be granted' " *(Family Affair Haircutters v Detling,* 110 AD2d 745, 747, quoting from *Jaymar's, Inc. v Schwartz,* 37 Misc 2d 314, 316).

The record before us establishes that the plaintiff has failed to make the requisite evidentiary showing to entitle it to the remedy of a preliminary injunction. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.