■ WURTTEMBERGISCHE FIRE INSURANCE COMPANY, Appellant, v PAN ATLANTIC UNDERWRITERS, LTD., et al., Respondents.—In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), dated July 28, 1986, which, *inter alia,* denied its motion for a preliminary injunction enjoining the defendant Bank of America from making payment on a certain letter of credit.

Ordered that the order is affirmed, with costs.

In August 1985 the plaintiff caused Bankers Trust Company to establish an irrevocable letter of credit in favor of the "Republic Insurance Company c/o Pan Atlantic Group Inc." in the amount of $356,381.

On March 20, 1986 the plaintiff established another irrevocable letter of credit with the defendant Bank of America in favor of "Republic Insurance Company c/o Pan Atlantic Group Inc." also in the amount of $356,381. This letter of credit stated that "It replaces Bankers Trust, New York letter of credit".

Republic Insurance Company c/o Pan Atlantic Group Inc. (hereinafter Republic) drew against the original Bankers Trust letter of credit on March 27, 1986, and was paid the amount of $356,381.

On April 7, 1986, the Bank of America received a sight draft from Republic drawing on the second letter of credit in the amount of $356,381. The Bank of America refused to honor the sight draft.

On April 18, 1986 the plaintiff commenced an action against Republic to recover damages for fraud. The plaintiff sought, *inter alia,* a permanent injunction enjoining Republic from drawing against the Bank of America letter of credit and enjoining the Bank of America from paying on the letter of credit.

Our review of the record reveals that the plaintiff's motion for a preliminary injunction was properly denied.

"It is well settled that in order to obtain a preliminary injunction, a party must demonstrate (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that the equities are balanced in his favor" *(Kurzban & Son v Board of Educ.,* 129 AD2d 756, 757).

We find that the plaintiff's bare conclusory allegations of Republic's potential insolvency are insufficient to satisfy the plaintiff's burden of demonstrating irreparable injury. Furthermore, the court of first instance stated, "on consent of the defendants, the proceeds of the letter of credit, after payment by the Bank of America, are to be held in constructive trust for the plaintiff by the defendants pending the outcome of this action or the further order of the court". Clearly the establishment of such a trust defeats any claim of irreparable harm. Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.