■ SHANNON STABLES HOLDING COMPANY, LTD., Appellant, v ROBIN BACON, Respondent.—In an action, *inter alia,* for a permanent injunction based on the alleged breach of a covenant not to compete contained in an employment agreement, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ferraro, J.), entered July 2, 1987, which denied the plaintiff's motion for a preliminary injunction and vacated the temporary restraining order previously issued in its favor.

Ordered that the order is affirmed, with costs.

On June 7, 1984, the plaintiff Shannon Stables Holding Company, Ltd. (hereinafter Shannon), an equine facility on Route 22 in Bedford, New York, and defendant Robin Bacon (hereinafter Bacon), a horse trainer and riding instructor, entered into a written employment agreement. The contract was terminable "at will" by either party on at least two weeks' notice, and it required Shannon to pay commissions to Bacon according to a specific plan and to enroll customers on Bacon's behalf. The contract also contained a restrictive covenant which provided, in pertinent part, that (1) for a period of one year from termination, Bacon shall not work at an equine facility within a five-mile radius of the Shannon Stables; (2) Bacon shall not solicit customers of Shannon for a period of two years from her termination; and (3) Bacon shall not service any customers of Shannon for a period of one year from the termination.

In April 1987 Bacon sent a letter to Shannon stating that because (1) the stable conditions had deteriorated; (2) Shannon had failed to live up to its obligation to handle the scheduling and booking of customers; and (3) Shannon owed her "at least $3,000", she felt that Shannon had terminated their agreement and that she no longer considered it binding.

Thereafter, in June 1987, Bacon opened her own stables on Route 22 approximately two miles from Shannon's location. Shannon then commenced the instant action against Bacon to, *inter alia,* enforce the restrictive covenant in the parties' contract, including a request for a permanent injunction to prevent Bacon from violating its terms.

Upon commencing this action, Shannon moved for a preliminary injunction enjoining Bacon from, *inter alia,* soliciting any of Shannon's customers, providing services for any of Shannon's customers, and from conducting the business of a riding stable within a five-mile radius of Shannon's place of business. The Supreme Court denied the motion on the ground that Shannon had failed to establish the three elements required to obtain a preliminary injunction. We affirm, but on a more limited basis.

It is well settled that in order to prevail on a motion for a preliminary injunction, the movant has the burden of demonstrating (1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a balancing of equities favor the movant's position *(see, Wurttembergische Fire Ins. Co. v Pan Atl. Underwriters Ltd.,* 133 AD2d 268; *Kurzban & Son v Board of Educ.,* 129 AD2d 756).*

In the instant case, Shannon has failed to meet its burden of establishing the likelihood of ultimate success on the merits. As this court stated in *Family Affair Haircutters v Detling* (110 AD2d 745, 747): "The first requirement, i.e., likelihood of success, has been described as follows: 'A party is not entitled to a temporary injunction, unless the right is plain from the undisputed facts. If the right depends upon an issue which can only be decided upon a trial, the injunction cannot be granted. *(Pine Hill-Kingston Bus Corp. v. Davis,* 225 App. Div. 182; *Voorhees & Hobart v. Hobart,* 251 App. Div. 111). Where the facts, as in the case at bar, are in sharp dispute, a temporary injunction will not be granted. *(Morrin v. Structural Steel Bd. of Trade,* 231 App. Div. 673; *Geed v. Braunsdorf,* 277 App. Div. 1001; cf. *Schwamm v. Alpert,* 31 Misc 2d 768.)' *(Jaymar's, Inc. v Schwartz,* 37 Misc 2d 314, 316.)"

In the instant case, the crucial facts are in sharp dispute. Consequently, Shannon has failed to meet its burden with respect to its likelihood of success on the merits. Both parties agree that Shannon's likelihood of success depends on the enforceability of the restrictive covenant contained in the agreement. However, with regard to such restrictive covenant contained in an employment agreement, the paramount rule, as stated in *Family Affair Haircutters v Detling (supra,* at 747-748 [emphasis supplied]), is as follows: "It has been held that '[s]ince there are "powerful considerations of public policy which militate against sanctioning the loss of a [person's] livelihood" * * * restrictive covenants which tend to prevent an employee from pursuing a similar vocation after termina-

tion of employment are disfavored by the law' *(Columbia Ribbon & Carbon Mfg. Co. v A-l-A Corp.,* 42 NY2d 496, 499). Consequently these covenants 'will be enforced only if reasonably limited temporally and geographically * * * *and then only to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists',* or if the employee's services are unique or extraordinary (Columbia Ribbon & Carbon Mfg. Co. v A-l-A Corp., supra, at p 499; Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307-308, *rearg denied* 40 NY2d 918)."

Although the restrictive covenant at issue may have been reasonable in both geographic scope and duration *(see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, *supra; Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, *rearg denied* 40 NY2d 918, *supra),* Shannon has not established that Bacon misappropriated trade secrets or confidential customer lists or that her services were in any way unique or extraordinary *(see, Purchasing Assocs. v Weitz,* 13 NY2d 267; *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., supra; Reed, Roberts Assocs. v Strauman, supra; Brewster-Allen-Wichert, Inc. v Kiepler,* 131 AD2d 620). Furthermore, there is a sharp dispute as to whether Shannon breached its own obligations under the contract *(see, Cornell v T. V. Dev. Corp.,* 17 NY2d 69; *Michael I. Weintraub, M.D., P. C. v Schwartz,* 131 AD2d 663).

Thus, under the circumstances of this case, Shannon's motion for a preliminary injunction was properly denied. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.