■ MICHAEL A. FLORIO, Respondent, v INCORPORATED VILLAGE OF LYNBROOK et al., Appellants.—In an action, inter alia, for a permanent injunction to enjoin the defendants from interfering with the plaintiff's use and occupancy of his property for motor vehicle repairs, including automobile body repairs, the defendants appeal from an order of the Supreme Court, Nassau County (McCabe, J.), dated December 3, 1986, which granted the plaintiff's motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

The plaintiff is the owner of an automobile repair and gasoline sale business which is located in the industrial zoning district of the appellant village. There is undisputed evidence that since 1948, automobile body repair work has been an integral part of the business. However, in 1977 the village amended the ordinance to prohibit automobile body repair work in the industrial district *(see,* Incorporated Village of Lynbrook Code § 252-43). In September 1985 and thereafter, the defendants sought to enforce the prohibitory provision against the plaintiff.

The plaintiff brought the instant action seeking, *inter alia,* to enjoin the defendants from enforcing the prohibitory provision. The plaintiff claims that he is exempt from the provision because automobile body repair work is a legal nonconforming use.

It is well established that in order to obtain a preliminary injunction, a party must show (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that the equities are balanced in his favor *(see, Kurzban & Son v Board of Educ.,* 129 AD2d 756; *McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 172, *lv denied* 67 NY2d 606).

We find that the plaintiff has met his burden of establishing his entitlement to a preliminary injunction. The plaintiff has

made a prima facie showing that there is a likelihood of success on the merits *(see, Incorporated Vil. of Lynbrook v Pellegrino,* 84 AD2d 779).

We further find that, since the enforcement of the provision would prohibit the plaintiff from continuing an integral part of the business which had been built up over the years, he has met his burden of demonstrating irreparable injury *(see, McLaughlin, Piven, Vogel v Nolan & Co., supra).*

Finally, given the fact that the defendants have not sought to enforce the prohibitory provision from the time of its enactment until September 1985 we find that the balance of the equities is in the plaintiff's favor *(see, McLaughlin, Piven, Vogel v Nolan & Co., supra,* at 174; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 70 AD2d 1021, 1022, *appeal dismissed* 48 NY2d 654). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.