■ ARLENE PELDMAN et al., Respondents, v ZENEK PODOLSKY et al., Defendants, and ABRAHAM PODOLSKY, Appellant.—In an action, *inter alia,* to declare the interests of the respective parties in a certain parcel of real property, the defendant Abraham Podolsky appeals from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), entered March 10, 1988, as granted the plaintiffs' motion for a preliminary injunction to the extent of prohibiting him from using, occupying or destroying the electrical wiring or the plumbing on the ground floor of the subject premises pending any interim award of the right to occupancy of the ground floor.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for a preliminary injunction is denied.

In this action, the plaintiffs seek, *inter alia,* a declaration of their respective rights and interests in a two-story building located at 4022 Avenue U in Brooklyn. The plaintiffs allege that on or about July 1, 1980, the defendants Zenek and Abraham Podolsky conveyed the subject property to a partnership known as Coronet Plaza, in which the plaintiffs allegedly have a 60% interest. The defendant Abraham Podolsky asserts to the contrary that he and the defendant Zenek Podolsky acquired the subject property by deed dated March 27, 1980, and that no further conveyance was ever made to Coronet Plaza.

The plaintiffs' motion for a preliminary injunction was

improperly granted. It is well settled that in order to obtain a preliminary injunction, the moving party has the burden of demonstrating (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that the equities balance in his favor *(Walter Karl, Inc. v Wood,* 137 AD2d 22, 26). A moving party " 'is not entitled to a temporary injunction, unless the right is plain from the undisputed facts' " *(Family Affair Haircutters v Detling,* 110 AD2d 745, 747, quoting *Jaymar's Inc. v Schwartz,* 37 Misc 2d 314). At bar, the facts concerning ownership of the property are disputed. However, the defendants have produced strong documentary evidence of ownership in the form of a deed conveying the subject parcel to them. Conversely, the plaintiffs have failed to submit any documentary evidence establishing a conveyance of the property to the Coronet Plaza partnership. Instead, they rely upon income tax records from 1980 through 1982 in which the partnership apparently depreciated the subject property, and a statement by the defendant Abraham Podolsky regarding the status of the property as a partnership asset. Accordingly, we are unable to conclude on the conflicting evidence in the present record that there is a likelihood that the plaintiffs will succeed on the merits *(see, County of Orange v Lockey,* 111 AD2d 896). In addition, we find that the conclusory allegations of irreversible harm made by the plaintiffs are insufficient to satisfy their burden of demonstrating irreparable injury *(see, Wurttembergische Fire Ins. Co. v Pan Atl. Underwriters,* 133 AD2d 268).

In view of the foregoing, Abraham Podolsky's claim that the preliminary injunction is defective because it was not supported by an undertaking is rendered academic. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.