■ BR AMBULANCE SERVICE, INC., et al., Appellants, v NATIONWIDE NASSAU AMBULANCE et al., Respondents.—In an action, *inter alia,* to recover damages for breach of an employment agreement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated April 21, 1988, which denied their cross motion, *inter alia,* to enjoin the defendant Jack Rhian from soliciting customers of the plaintiff BR Ambulance Service, Inc., granted the defendant Jack Rhian's motion to stay the action and compel arbitration, and *sua sponte* dismissed the complaint as to all the defendants.

Ordered that the order is modified by (1) deleting the provision thereof which *sua sponte* dismissed the complaint, and (2) deleting the provision staying the action as against all the defendants, and substituting therefor a provision staying the action only as against the defendant Jack Rhian; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs alleged, *inter alia,* that the defendant Jack Rhian breached his employment agreement with the plaintiff BR Ambulance Service Inc. (hereinafter BR) by unlawfully conspiring with others to divert business from BR to a competing ambulance service with which he subsequently became associated. Rhian then moved pursuant to CPLR 7503 (a) to stay the action and compel the plaintiffs to arbitrate their claims. The plaintiffs cross-moved, *inter alia,* to restrain Rhian from violating a restrictive covenant contained in his 1984

employment contract. The Supreme Court denied the plaintiffs' cross motion and granted Rhian's motion to compel arbitration—although in so doing, the court *sua sponte* dismissed the complaint and ostensibly directed all the parties to submit to arbitration.

Initially—and contrary to the plaintiffs' contentions—we are unable to conclude that Rhian, merely by interposing an answer containing affirmative defenses and by submitting affidavits in opposition to the plaintiffs' previous motion for injunctive relief, affirmatively accepted the judicial forum and waived his right to invoke the arbitration clause contained in his employment contract *(see, Desapio v Kohlmeyer,* 35 NY2d 402; *see also, Corcoran v Corcoran,* 114 AD2d 881, 882, *lv denied* 67 NY2d 601).

The court erred, however, in directing all parties to submit to arbitration. As the Court of Appeals has noted, "[i]t has long been the rule in this State that the parties to a commercial transaction 'will not be held to have chosen arbitration as the forum for the resolution of their disputes in the absence of an express, unequivocal agreement to that effect' " *(Matter of Marlene Indus. Corp. [Carnac Textiles],* 45 NY2d 327, 333, quoting *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 512; *see also, Matter of Waldron [Goddess],* 61 NY2d 181, 183; *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 7). Since Rhian was the only defendant who was a party to the employment agreement containing the arbitration clause, the Supreme Court's order directing all the parties to proceed to arbitration was overbroad. Moreover, the relief requested by Rhian in connection with arbitration was a stay of the action and a direction that the parties proceed to arbitration —not dismissal of the complaint. Further, the mere existence of an arbitration clause in the contract would not, in any event, authorize dismissal of the action. Only an arbitration and award would warrant such a dismissal, and only against Rhian *(see, Ogoe v New York Hosp.,* 99 AD2d 968).

We are in accord with the Supreme Court's determination that the plaintiffs have failed to establish their entitlement to the injunctive relief sought. On a motion for a preliminary injunction, the applicant must establish the likelihood of ultimate success on the merits, irreparable injury absent the granting of the preliminary injunction and that the equities are balanced in his favor *(see, Matter of Incorporated Vil. of Lindenhurst v Retsel Enters.,* 140 AD2d 521, 522; *Florio v Incorporated Vil. of Lynbrook,* 138 AD2d 672; *L. J. Coppola,*

*Inc. v Park Mechanical Corp.,* 131 AD2d 641; *McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, *lv denied* 67 NY2d 606). It is well settled, moreover, that a party is not entitled to a temporary injunction unless the right is plain from the undisputed facts *(see, Shannon Stables Holding Co. v Bacon,* 135 AD2d 804). A review of the conflicting allegations contained in the record discloses that the plaintiffs have failed to establish their entitlement to injunctive relief.

The record before us, which is replete with the parties' conflicting allegations of wrongdoing, falls short of establishing the plaintiffs' plain entitlement to the drastic equitable relief sought. Nor have the plaintiffs established that the equities are balanced in their favor or that Rhian "misappropriated trade secrets or confidential customer lists or that [his] services were in any way unique or extraordinary" *(Shannon Stables Holding Co. v Bacon, supra,* at 806). Further, there is a sharp dispute as to whether Rhian committed the wrongful acts attributed to him by the plaintiffs. We note in this respect that, in opposition to the plaintiffs' claim that he wrongfully diverted clients to competitors, Rhian has argued that his actions in directing clients to other ambulance services were undertaken pursuant to a call referral plan known to the plaintiff Weiss and necessitated by BR's diminished service capacity due to the unavailability of trained emergency personnel. Although the plaintiffs contend otherwise, the existence of these sharply disputed factual issues precludes the granting of injunctive relief *(see, Matter of Incorporated Vil. of Lindenhurst v Retsel Enters., supra,* at 522-523; *Shannon Stables Holding Co. v Bacon, supra).*

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.