■ T & N West Galla Pizzeria, Inc., Respondent, v CF White Plains Associates, Appellant, and Sbarro, Inc., Respondent.—In an action, *inter alia,* to permanently enjoin the defendant CF White Plains Associates from permitting the defendant Sbarro, Inc., from selling pizza in the Food Court of the Galleria of White Plains shopping mall in Westchester, the defendant CF White Plains Associates appeals from an order of the Supreme Court, Westchester County (Burrows, J.), dated August 9, 1990, which denied its cross motion for summary judgment dismissing the cross claims against it, denied its motion for a temporary injunction, and granted the motion of Sbarro, Inc., for a *Yellowstone* injunction preventing it from terminating a lease between them.

Ordered that the order is affirmed, with one bill of costs.

By a lease dated February 8, 1980, the defendant CF White Plains Associates (hereinafter CF) leased certain premises in the Galleria of White Plains shopping mall in Westchester (hereinafter the Galleria) to the defendant Sbarro, Inc. (hereinafter Sbarro). The lease expressly prohibited Sbarro from selling pizza from its store, and it also contained a clause providing that any modifications to the lease had to be in writing. For approximately eight years Sbarro operated the store through a franchisee. CF, however, apparently became dissatisfied with the franchisee's operation of the store and suggested that Sbarro terminate the franchise agreement and operate the store directly. According to Sbarro, CF also orally agreed to permit Sbarro to sell pizza at the store if it did so. Sbarro subsequently terminated the franchise agreement and began operating the store directly. Thereafter, in a letter to CF dated October 11, 1988, Sbarro stated that it "shall be permitted to sell pizza from the subject premises" and requested that CF "prepare and issue a lease amendment covering this change in the 'use' clause of the Lease". In response, CF sent a letter to Sbarro stating that "Sbarro will be permitted to sell pizza, but it will be at the sufferance of [CF], and the use clause will not be changed". Nevertheless, Sbarro renovated the store, installing pizza ovens and converting approximately 40% of its counter space to accommodate pizza sales.

By a lease dated August 1, 1989, CF agreed to lease certain premises in the Food Court section of the Galleria to the

plaintiff, T & N West Galla Pizzeria, Inc. (hereinafter T&N). In that lease, CF agreed, *inter alia,* that it would "not permit any other tenants to sell pizza in the Food Court, excluding, however, McDonalds and any existing tenants in the Food Court that are currently selling pizza". When T&N discovered that Sbarro was renovating its store and planning to sell pizza, it requested that CF "correct the situation". Despite a letter from CF indicating that it had withdrawn Sbarro's permission to sell pizza, Sbarro proceeded to sell pizza. T&N then instituted this action, seeking, *inter alia,* to enjoin CF from permitting Sbarro from selling pizza, and to directly enjoin Sbarro from selling pizza. Subsequently, Sbarro cross-claimed against CF seeking, *inter alia,* monetary damages. After receiving a notice of default from CF, Sbarro moved for a *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630). CF cross-moved for summary judgment dismissing Sbarro's cross claims, and for a preliminary injunction enjoining Sbarro from selling pizza. CF now appeals from an order in which the court granted Sbarro a *Yellowstone* injunction, and denied CF's cross motion for summary judgment and its separate motion for a preliminary injunction.

It is well settled that in order to prevail on a motion for a preliminary injunction, the movant has the burden of demonstrating (1) a likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favor the movant's position *(see, Busters Cleaning Corp. v Frati,* 180 AD2d 705; *Shannon Stables Holding Co. v Bacon,* 135 AD2d 804, 805). We determine that CF failed to establish a likelihood of success on the merits, and therefore the court properly denied its motion for a preliminary injunction.

It is well settled that a party is not entitled to a preliminary injunction unless the likelihood of success on the merits is plain from the undisputed facts. If the right depends upon an issue which can only be decided upon a trial, such as where the facts are in sharp dispute, the injunction should not be granted *(see, Family Affair Haircutters v Detling,* 110 AD2d 745; *Shannon Stables Holding Co. v Bacon, supra).* This is such a case.

While we do not dispute that Sbarro agreed in writing to refrain from selling pizza, Sbarro has alleged that CF made oral representations to Sbarro, which, if proven, would militate against enforcement of that provision of the lease *(see, Merrill Lynch Realty Assocs. v Burr,* 140 AD2d 589, 593).

Although General Obligations Law § 15-301 renders unenforceable any oral agreement to modify the terms of a contract where that contract expressly provides that any modification must be in writing *(see, Rose v Spa Realty Assocs.,* 42 NY2d 338), such an oral modification will be enforced where it is executed, i.e., fully performed.

While there was an oral modification of Sbarro's lease, the parties sharply dispute the terms and conditions of that modification, specifically whether Sbarro's permission to sell pizza was unconditional upon the termination of the franchise agreement or whether it was at the sufferance of CF, which is determinative of whether Sbarro breached the lease by selling pizza. Therefore, we find that CF was not entitled to the requested preliminary injunction *(see, Merrill Lynch Realty Assocs. v Burr, supra).*

Similarly, because this issue must be resolved at trial, the court also properly denied CF's cross motion for summary judgment dismissing Sbarro's cross claims *(see, Pau v Bellavia,* 145 AD2d 609). The court also properly determined that under the circumstances of this case, a *Yellowstone* injunction is warranted *(see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630, *supra).*

We note that the issue of whether Sbarro was located in the Food Court section of the Galleria should not have been considered by the court. Although that may be determinative in resolving whether CF breached its lease with T&N (in the event that Sbarro prevails on the merits), Sbarro's location in the Galleria is not relevant in determining whether it breached its lease with CF by selling pizza. If it is determined on the merits that Sbarro sold pizza in violation of its lease, the issue of whether Sbarro's store was located in the Food Court section of the Galleria is irrelevant as between Sbarro and CF. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.