OPINION OF THE COURT
Howard Miller, J.
It is ordered that the application for a preliminary injunction is denied; and it is further ordered the cross motion is granted to the extent that the petition is dismissed, with costs and disbursements to respondents, and otherwise denied.
In August 1987 petitioner was injured in the line of duty and granted benefits pursuant to General Municipal Law § 207-c. On December 5,1990, a hearing was held to determine whether petitioner’s section 207-c benefits should be terminated. Objections were raised prior to the hearing that respondents failed to comply with General Municipal Law § 207-c (2) and (3), which petitioner contends are conditions precedent, in that (i) no application for retirement was made; and (ii) petitioner was not offered a light duty position. The objections were overruled by the Police Commission, and the hearing commenced. The hearing continued on several different dates, with the petitioner continuing his objections. On April 8, 1991, a stipulation was entered which provided, inter alia, that the hearing would be suspended and adjourned without date for the purpose of having the Department file an application for petitioner’s retirement, and petitioner agreed to sign whatever medical releases were necessary to process the retirement application.
As a result of a judicial determination that the Town of Clarkstown submitted petitioner’s retirement application with medical records which had been improperly secured, the retirement application was withdrawn from consideration by the retirement board. No further retirement application was ever submitted. Thus petitioner contends that respondents have failed to comply with the requirement that the retirement application be submitted. The documents submitted by the respondents, however, indicate that petitioner’s retirement application was "reactivated” on May 17, 1994. On June 28, 1995, the Town received the retirement system’s authorization for *815 the release of medical data, and requested petitioner’s signature. Petitioner refused to sign the release, and respondents have rescheduled the hearing.
In order to prevail on a motion for a preliminary injunction, petitioner must show (1) a likelihood of ultimate success on the merits; (2) irreparable injury; (3) a balancing of the equities; and (4) the absence of an adequate remedy at law (Shannon Stables Holding Co. v Bacon, 135 AD2d 804; New York State Natl. Org. for Women v Terry, 886 F2d 1339, cert denied 495 US 947). "Preliminary injunctive relief is a drastic remedy which will not be granted 'unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing such an undisputed right rests upon the movant’ ” (County of Orange v Lockey, 111 AD2d 896, 897; Zurich Depository Corp. v Gilenson, 121 AD2d 443).
General Municipal Law § 207-c (2) provides that if a disabled policeman fails to apply for a disability retirement, the application "may” be made by the head of the police force or other designated person. Such language cannot be construed to require the respondents to make the application; furthermore, it was at all times within the ability of petitioner to make the application directly. Section 207-c (3) provides that if a policeman "is not granted such accidental disability retirement allowance” but is able to perform light duty, he must do so. Respondents allege without contradiction that petitioner was asked to return to light duty and refused.
Respondents fulfilled their obligation under the April 8, 1991 stipulation to submit petitioner’s retirement application; petitioner failed to fulfill his obligation to provide medical releases. Respondents are not required by General Municipal Law § 207-c to wait indefinitely, after a police officer has been found capable of performing light work on a full-time basis, for the retirement board to issue a determination as to petitioner’s eligibility for a disability retirement pension, particularly where petitioner has, by his own actions, not complied with the retirement board’s request for release of medical records. While there may be no statutory requirement that petitioner provide the release, he agreed to do so, and the retirement board is well within its authority in seeking medical records to substantiate a claimed disability, and such procedure has been upheld (Farrell v Regan, Sup Ct, Albany County, Kahn, J., index No. 1997/92).
Furthermore, petitioner concedes that the objections upon which this application is based were raised on December 5, *816 1990 and were overruled by the Police Commission. Petitioner’s CPLR article 78 remedies arose at that time, and this application, over 4x/2 years later, is untimely.
Petitioner has failed to demonstrate a likelihood of success on the merits, and is not entitled to a preliminary injunction.
As for the cross motion, General Municipal Law § 207-c does not require respondents to await a determination of the retirement board before conducting a hearing on the issue of whether petitioner is capable of returning to light duty, and thus relief in the nature of mandamus as sought by petitioner is not available.