■ ERNEST R. WUNNER et al., Appellants, v RAYMOND M. MAGUIRE et al., Respondents.—In an action, *inter alia,* for fraud and breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County, entered July 26, 1978, as, upon their motion for a priority to first take the depositions of the defendants and to have the taking of such depositions supervised by a Justice, directed that the depositions were to proceed in accordance with the priority of the notices and failed to direct that there be supervision by a Justice. Order modified by deleting therefrom the provision that the depositions are to proceed in accordance with the priority of the notices and substituting therefor a provision granting a priority to the plaintiffs to first take the depositions of the defendants. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to the plaintiffs. The examinations shall proceed at the place designated in the order under review, at a time to be fixed by the plaintiffs in a written notice of not less than 10 days, or at such other time and place as the parties may agree. In this action one of the individual defendants is an attorney who allegedly represented the plaintiffs and entered into a business relationship with them. The pertinent facts as to the issues are within the sole knowledge of the defendants. The circumstances merit that the plaintiffs have priority of examination (see *McKenzie Mgt. & Research Co. v Lee Nat. Corp.,* 36 AD2d 602; cf. *Solow v Solow,* 5 AD2d 848). Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.

■ In the Matter of IRENE AUSTIN, Respondent, v PHILIP L. TOIA, as Commissioner of the Department of Social Services of the State of New York, Appellant, et al., Respondents.—(1) Proceeding pursuant to CPLR article 78 to review so much of a determination of the State commissioner, dated April 19, 1977, and made after a statutory fair hearing, as affirmed the determination of the local agency, denying the petitioner's request for an excess fuel allowance and (2) an appeal by the State commissioner, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County, entered September 13, 1977, as directed the commissioner of the local agency to make an emergency payment to the respondent Long Island Lighting Company in the amount of the arrears in petitioner's payments to said company, subject to the commissioner's right of recoupment should it be determined at a future time that the petitioner is not destitute. Judgment affirmed insofar as appealed from, without costs or disbursements. Determination confirmed insofar as reviewed, without costs or disbursements, and said portion of the proceeding dismissed on the merits. A transcript of the fair hearing reveals that the State commissioner's determination insofar as reviewed, is supported by substantial evidence. Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.