# (March 10, 1981)

■ SIDNEY HALITZER, Individually and as Trustee for MICHAEL D. HALITZER and Another, et al., Respondents-Appellants, v ALBERT GINSBERG, Individually and Doing Business as ALGIN MANAGEMENT Co., Appellant-Respondent. — Order, Supreme Court, New York County, entered October 9, 1980, which, *inter alia,* granted plaintiff priority of examination, modified, on the law, to the extent of allowing full examination, except as to matters relating to the accounting, itself, and, as so modified, affirmed, without costs and disbursements. There is no statutorily mandated requirement that a plaintiff seeking to obtain priority in the taking of depositions pursuant to CPLR

3106 and 3103 must submit an affidavit by a party having knowledge of the facts, or, in the alternative, that the complaint be verified (cf. CPLR 3212). "If * * * special circumstances warrant the plaintiff's examining first, or some other plan appears desirable in an individual case, the court has ample authority * * * to vary priorities" (3A Weinstein-Korn-Miller, NY Civ Prac, par 3106.02). Special Term issued an order granting plaintiffs' priority of examination limited in scope to establishing the relationship between the plaintiffs and the defendant as partners. Defendant appeals from this order, contending that priority of examination should have remained with him. The plaintiffs cross-appeal, arguing that the court in granting them priority of examination should not have limited that examination, but should have permitted full disclosure. Plaintiffs allege, in effect, that they entered into a limited partnership with the defendant, whereby the defendant was the general partner and the plaintiffs were the limited partners. The partnership was to deal in real estate. Plaintiffs allege that they were induced to invest in the limited partnership by fraudulent representations and omissions made by the defendant general partner. Defendant is accused of acts of fraud and self-dealing with respect to the partnership properties involved, as well as failing to account to plaintiffs for profits and losses. Plaintiffs seek a declaration of their rights, the imposition of trusts upon the real properties involved, dissolution of the limited partnership, receivership and judicial sales of the real properties and an accounting. Plaintiffs moved, prior to joinder of issue, for priority of examination pursuant to CPLR 3106 (subd [a]), citing as exceptional circumstances that fraud and breach of fiduciary duty on the part of the defendant are involved and that knowledge of these activities is peculiarly within the custody of defendant. While we agree that it was proper for Special Term to grant the plaintiffs' priority of examination under the special circumstances herein, we feel that the examination was unduly restricted. While it is obvious that plaintiffs are not entitled in the examination to disclosure relating to matters directly involved in the accounting itself, which disclosure is permissible only upon a showing that they are entitled to an accounting, the court nevertheless unduly restricted the examination solely to the issue of the relationship between the parties. Perusal of the record discloses that it is not really contested that the parties are in relationship of partners to each other. What the plaintiffs really are seeking to examine the defendant on are the matters of fraud and the related acts set forth in the complaint. Concur — Sandler, Lupiano and Lynch, JJ.; Murphy, P.J., dissents in a memorandum and Ross, J., concurs in the dissent in a separate memorandum as follows:

Murphy, P.J. (dissenting). Absent a showing of special circumstances by the plaintiffs, normal priority of examination should be accorded to the defendant (CPLR 3106, subd [a]; *Bassine v Bassine,* 35 AD2d 945). Although the defendant only submitted a memorandum of law in opposition to plaintiffs' motion for priority (an answer with counterclaim was later served), the basic question presented upon this appeal is whether plaintiffs carried their evidentiary burden of showing special circumstances. Essentially, plaintiffs contend in their brief that they are entitled to priority because of their fiduciary relationship with the defendant and his exclusive knowledge of the facts. *(Weisinger v Berfond,* 16 Misc 2d 755.) There is no dispute that there is a fiduciary relationship between the parties in these real estate ventures. Thus, the more limited question presented is whether the defendant has exclusive knowledge of the facts. The plaintiffs served an unverified complaint detailing various acts of wrongdoing on the part of the defendant. In

view of the specific charges in this extended complaint, it is not readily apparent that the plaintiffs lacked total knowledge about the partnerships. Moreover, certain passages in the complaint would seem to contradict this stance. For example, plaintiffs allege that defendant breached his fiduciary duty by refusing to permit them to inspect the partnership books and records. However, plaintiffs earlier allege, upon information and belief, that defendant incorrectly maintained the partnership records by treating all income distributions to them as reductions of their capital. While the plaintiffs do not state the source of their information and belief as to defendant's incorrect record keeping, it is evident from this very allegation that they were not totally unaware of the operations and records of the partnerships. Plaintiffs' attorney also submitted an affidavit in support of the motion. While he argues that the defendant has exclusive knowledge of the facts, his hearsay·affidavit is of no probative value in this regard. The plaintiffs themselves should have submitted affidavits attesting to their total ignorance as to the operations and records of the partnerships. In the absence of any affidavits from the plaintiffs, there is no reason to believe that they are naive laymen rather than sophisticated businessmen. Since the plaintiffs did not carry their evidentiary burden of showing special circumstances, the order of the Supreme Court, New York County, granting plaintiffs priority of examination, should be reversed and the motion should be denied.

Ross, J. (concurring in dissent). I agree with the dissenting opinion of Presiding Justice Murphy, but make the additional observation that the plaintiffs are not neophytes in these real estate transactions. These parties have been involved in a partnership arrangement for over 10 years and the plaintiffs have invested sums of money in excess of one million dollars. The assertion that plaintiffs are "unsophisticated investors" is simply not borne out by the facts before us.