■ NOPA REALTY CORP., Respondent, v CENTRAL CATERERS, INC., et al., Appellants, et al., Defendant. — In an action for (1) a declaration that a lease entered into between the parties on June 30, 1972 is void and unenforceable, (2) injunctive relief and (3) an accounting, the appeal is from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated June 25, 1982, as (1) granted that branch of plaintiff's motion which sought to strike certain of appellants' interrogatories, (2) directed that the answers to the remaining interrogatories be furnished 10 days after the completion of the parties' examinations before trial and (3) granted that branch of the plaintiff's motion which requested priority in conducting an examination before trial. Defendant Murray Berg was deceased at the time this appeal was commenced. By letter dated November 18, 1982, counsel for appellants informed this court that he consented to the substitution of "the Estate of Murray Berg, Jerome Berg, Executor in the place and stead of Murray Berg, deceased * * * without prejudice to any and all defenses to the action raised in pleadings." Therefore, on the court's own motion, the said executor of the estate of Murray Berg, deceased, is hereby substituted as a party appellant for Murray Berg and the caption is to be amended accordingly. Order modified by (1) deleting therefrom the provision which granted that branch of plaintiff's motion which sought to strike certain of appellants' interrogatories and by substituting therefor a provision denying that branch of plaintiff's motion, with the exception of Interrogatory No. 7, as to which interrogatory, the plaintiff's motion to strike is granted; (2) deleting therefrom the provision directing that the answers to the interrogatories be furnished 10 days after completion of the parties' examinations before trial and by substituting therefor a provision directing

appellants' counsel to review the answers to the interrogatories after their completion, and allowing appellants' counsel, if he deems it necessary, to thereafter notice an oral examination of plaintiff limited to the material and necessary information not adequately supplied through the answers to the interrogatories; and (3) deleting therefrom the provision which granted that branch of plaintiff's motion which requested priority in conducting an examination before trial and by substituting therefor a provision denying said branch of the motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The answers to the interrogatories are to be served upon the appellants within 30 days after service upon the plaintiff of a copy of the order to be entered hereon, with notice of entry. The underlying action was commenced by the plaintiff, NOPA Realty Corp., the corporate owner of property occupied by a hospital, against a caterer, Central Caterers, Inc., and two individual defendants, Murray and Milton Berg. The gravamen of the action is that the defendants made secret illegal payments to Dr. Anton Notey, the former president of the corporate plaintiff, in connection with a lease negotiated and executed in 1972 by the Bergs and Dr. Notey on behalf of the corporate defendant and corporate plaintiff, respectively. Under the circumstances of this case, Special Term properly ordered Interrogatory No. 7 stricken since appellants have not made the strong showing of necessity and desirability required to obtain the disclosure of plaintiff's Federal and State income tax returns (*Gottlieb v Friedman*, 42 AD2d 965; *Glenmark, Inc. v Carity*, 22 AD2d 680, app dsmd 15 NY2d 956). However, Special Term erred in granting that branch of plaintiff's motion which was to strike certain other of appellants' interrogatories since they are material and necessary to the defense of the instant action (CPLR 3101, subd [a]; *Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403, 406). Special Term also erred by requiring the completion of oral examinations by all parties prior to the submission of responses to appellants' interrogatories. Appellants originally required plaintiff to answer the interrogatories within 15 days of the service of the demand (CPLR 3134, subd [b]). The answers were to be furnished several weeks before the date on which appellants scheduled their original oral examination of plaintiff. Appellants may elect to use both interrogatories and oral examinations before trial as discovery devices. They must, however, invoke one device before the other (see *Katz v Posner*, 23 AD2d 774), which they have properly done in the instant case. Written interrogatories, which have been utilized by appellants as their initial disclosure device, are a more efficient and economical method of discovery in commercial litigation, involving the activities of various corporate entities and their principals (*Barouh Eaton Allen Corp. v International Business Machs. Corp.*, 76 AD2d 873). In order to regulate the conduct of discovery in the most efficient manner to minimize duplication, appellants' counsel should initially review plaintiff's answers to the interrogatories. If the required information is not supplied through the answers to the interrogatories, then appellants' counsel may schedule an examination before trial of the plaintiff (see *Barouh Eaton Allen Corp. v International Business Machs. Corp., supra*). Finally, Special Term erred in granting that branch of the plaintiff's motion which requested priority in conducting an examination before trial of the appellants. Since appellants served their notice to examine plaintiff within the time to answer, it had priority in conducting an examination before trial (CPLR 3106, subd [a]; *Buzzell v Mills*, 28 AD2d 674). This normal priority is only reversed in actions alleging a breach of a fiduciary relationship between the parties, usually arising from a business enterprise involving both the plaintiff and defendant, in which the pertinent facts are wholly within the knowledge of the defendant (see, e.g., *Halitzer v Ginsberg*, 80

AD2d 771; *Wunner v Maguire,* 66 AD2d 797; *Solow v Solow,* 5 AD2d 848). None of the above factors are present in the instant action. The business relationship between plaintiff and appellant Central Caterers, Inc., is that of landlord and tenant, not fiduciaries. Despite the fact that plaintiff has alleged that it is without knowledge of the facts surrounding the negotiation and execution of the lease in question, there is no evidence that the current principals of Caterers have any knowledge of the events in question. Indeed, Caterers is at a disadvantage equivalent to that of the plaintiff, as both principals who negotiated the original lease on behalf of Caterers have not been associated with that company for at least five years. Accordingly, the order has been modified to the extent indicated. Mangano, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.