■ BELINDA B. SWEET et al., Respondents, v LIGGETT GROUP, INC., et al., Defendants, and LILY M. POPIEL et al., Appellants. — Order, Supreme Court, New York County (D. Edwards, J.), entered November 1, 1982, granting leave to renew and upon renewal directing that defendant Abe Siegel appear for deposition at a specified time, unanimously reversed, on the law, with costs and disbursements, and plaintiffs' motion denied. Plaintiffs sue for damages for conversion of 25,000 shares of stock in A.M. Penrose & Co., Inc., a Pennsylvania corporation, of which defendants were the officers and directors at the time of the sale of said stock. Defendants contest plaintiffs' claim of

ownership of the stock and allege that title was in a third party. In a prior order (Pecora, J.), defendants were given priority of examination. In the course of deposing plaintiffs it was ascertained that they had no personal knowledge of the facts of their claim to ownership of the stock but were relying on information given them by Allen Pesman, the family attorney and an Illinois resident. Defendants thereafter obtained an order (Pecora, J.) to examine Pesman who has thus far frustrated all efforts to depose him. He is presently appealing an order issued by an Illinois court requiring him to appear for such examination. Citing the protracted delay in deposing Pesman because of the Illinois proceedings plaintiffs moved for renewal and reconsideration of the latter order to permit one of the defendants, Abe Siegel, to be examined before Pesman's deposition is taken. At the outset we note that, pursuant to CPLR 2221, the motion for renewal should have been referred, as requested, to the Judge who originally decided the motion. That Judge's assignment on the return date of the renewal motion to a Criminal Term in the same county is no justification for noncompliance with the mandate of CPLR 2221. The Judge was still available to dispose of the motion. As to the merits, the priority of examination previously established should not have been disturbed. Since ownership of the 25,000 shares of Penrose stock which plaintiffs claim to have inherited from their father is at issue, and Pesman is the sole source of the information upon which plaintiffs base their claim of ownership, he is an essential witness. If his examination shows that plaintiffs' father did not own the stock plaintiffs' action would fail. In such circumstances defendants, who have been given priority, should not be divested of that right and compelled to submit to time-consuming examinations. Concur — Kupferman, J. P., Sandler, Sullivan, Lynch and Kassal, JJ.