■ DIANE M. WATTS, Individually and as Administratrix of the Estate of WILLIAM W. WATTS, Deceased, Respondent, v PEEKSKILL BELL, INC., et al., Respondents. EXXON CORPORA-

TION, Appellant.—Weiss, J. P. Appeal from an amended order of the Supreme Court (McDermott, J.), entered September 20, 1988 in Rensselaer County, which, *inter alia,* denied Exxon Corporation's motion for a protective order.

In this action to recover damages for wrongful death and conscious pain and suffering, plaintiff seeks to depose two employees of Exxon Corporation, a nonparty witness, and to compel discovery of additional records concerning "Isopar G", a substance manufactured and marketed by Exxon for use in photocopy machines. Plaintiff alleges that her husband's exposure to Isopar G during his daily use of a photocopy machine in connection with his employment caused him to contract aplastic anemia, which ultimately resulted in his death.* Exxon appeals from Supreme Court's decision to deny a protective order pursuant to CPLR 3101 and grant plaintiff's cross motion compelling the additional and further discovery.

Discovery may be regulated at any time by the trial court (CPLR 3103 [a]), which has broad discretion to supervise and prevent abuse *(Graf v Aldrich,* 94 AD2d 823, 824). Exxon's contentions that the records and documents sought are irrelevant, duplicative and/or cumulative, and that it is being harassed and unduly burdened, are unpersuasive. During the deposition of Waldon Landry, counsel for Exxon, agreed to produce any additional materials which the witness indicated were in existence and that documents identified by the witness but not present at the deposition would be produced. Also, in a letter to plaintiff's counsel, Exxon's attorney stated that "if the witness should indicate that additional materials do exist, they will be produced for you". Landry testified that B. W. Hutchings was involved in the development of Isopar G and able to provide information on its testing and manufacture. Lawrence Curcio testified that Stephen Louis, an Exxon toxicologist, would have been responsible for obtaining reports relating to an inhalation toxicity study of Isopar G made in 1978. It is apparent that these additional witnesses could provide relevant and material evidence concerning the product in issue and that Supreme Court did not abuse its discretion in ordering the further discovery.

We do find that Supreme Court should have required plaintiff to defray certain expenses associated with the discovery.

---

* At the initial deposition, Exxon witnesses testified that Isopar G contains infinitesimally small levels of benzene and that aplastic anemia is caused by the inhalation of benzene under certain conditions. Plaintiff contends that there are no safe levels of benzene. Exxon contends that further discovery would be duplicative and cumulative.

An order granting discovery of a nonparty witness is required to contain a provision for the defraying of the expenses of the nonparty (CPLR 3120 [b]). Accordingly, plaintiff shall reimburse Exxon for the reasonable cost of transportation, lodging and meal expense for Hutchings and Louis in their travel from the Exxon plant in Houston, Texas, to Albany for their depositions and return, together with the reasonable cost of photocopying the records and documents requested by plaintiff's counsel in his February 18, 1988 letter to Exxon's attorney.

Amended order modified, on the law, without costs, by adding a provision for the defraying of expenses in accordance with this court's decision, and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.