■ ROBERT B. VAN DEUSEN, Plaintiff, v NORTON COMPANY et al., Appellants, and R.B. WING & SONS CORPORATION, Respondent, et al., Defendants. (And Two Third-Party Actions.)— Mercure, J. Appeal from that part of an order of the Supreme Court (McDermott, J.), entered January 24, 1989 in Rensselaer County, which, *inter alia,* granted a motion by defendant R.B. Wing & Sons Corporation seeking discovery against defendants Norton Company and Norton Construction Products Division of Norton Company.

Plaintiff commenced this action to recover for injuries he sustained while operating a pavement-cutting machine when he was struck by fragments of the machine's diamond-tipped saw blade. The saw blade was manufactured by defendants Norton Company and Norton Construction Products Division of Norton Company (hereinafter collectively referred to as Norton) and leased by defendant R.B. Wing & Sons Corporation (hereinafter Wing). Prior to the commencement of the action, Norton's insurance carrier took possession of the saw blade and sent it to Norton for testing. By letter dated March 18, 1986, Norton's product manager, James L. Lodgson, summarized the test results and opined that the blade overheated and failed as a result of its operation with insufficient water to cool it. Thereafter, at a deposition of Norton, its representative, Richard Dutcher, testified to the existence of records of claims made against Norton for injuries sustained from its saw blades but indicated that the records were in the custody of corporate counsel, Henry Jackson, and that Dutcher had no knowledge of their content. He also testified that Norton "probably" maintained a file of correspondence from customers concerning weak braze joints and that Richard Thompson

was the custodian of these records. Wing's repeated efforts at obtaining the records of claims, customer correspondence and the notes prepared by Lodgson in connection with his testing and inspection of the saw blade were unsuccessful. Wing then served a notice to take the deposition of Lodgson, Thompson and Jackson and, upon Norton's refusal, brought this motion to compel discovery. Norton cross-moved for a protective order vacating Wing's notice to take deposition. Supreme Court granted the motion and denied the cross motion. Norton appeals.

In our view, Supreme Court acted within the scope of its broad discretion in directing the requested discovery *(see, Watts v Peekskill Bell,* 147 AD2d 838), particularly in view of Norton's demonstrated efforts to frustrate meaningful discovery. Notably, Norton produced a deposition witness who claimed ignorance of many relevant matters *(see, Simon v Advance Equip. Co.,* 126 AD2d 632) and, upon advice of counsel, refused to respond to a number of other pertinent inquiries *(see, Ferraro v New York Tel. Co.,* 94 AD2d 784, 785), shielding his employer with claims of proprietary information and privilege *(see, Kenford Co. v County of Erie,* 55 AD2d 466, 470-471). Wing has also established a substantial likelihood that Lodgson, Thompson and Jackson could provide relevant and material evidence *(see, Simon v Advance Equip. Co., supra).* Nor has Norton demonstrated undue hardship in producing these employees for a deposition in New York *(see, Levine v St. Luke's Hosp. Center,* 109 AD2d 694). Accordingly, the order should be affirmed.

Order affirmed, with costs to defendant R.B. Wing & Sons Corporation. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.