■ MR. NATURAL, INC., Appellant, v UNADULTERATED FOOD PRODUCTS, INC., Respondent.—In an action, *inter alia,* for a judgment declaring the rights of the parties under certain exclusive distributorship agreements, the plaintiff appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated April 28, 1989, which denied its application for a preliminary injunction.

Ordered that the order is reversed, with costs, and the plaintiff's application is granted to the extent that the defendant is enjoined, pendente lite, from terminating the five exclusive distributorship agreements it entered into with the plaintiff, the first of which was dated August 27, 1981, covering Kings County; the second dated August 27, 1981, covering Manhattan north of 42nd Street; the third dated September 14, 1981, covering Manhattan from "42d Street to the Battery only"; the fourth dated October 19, 1981, covering Staten Island; and the fifth dated September 14, 1983, covering Queens County, on condition that the plaintiff post a suitable undertaking; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of the undertaking to be filed by the plaintiff.

The defendant is the manufacturer of "Snapple" beverages. The plaintiff is the exclusive distributor of Snapple in five territories. It has no other business besides distributing Snapple.

On December 23, 1988, the defendant's attorney sent five separate letters to the plaintiff claiming that it had abrogated the five exclusive distributorship agreements between the parties and informing it that, as of January 1, 1989, the defendant was canceling its "purported exclusivity" for each of the territories.

The plaintiff commenced this action and moved for a preliminary injunction preventing the termination of its exclusive rights pending trial. The Supreme Court denied the motion, noting that there was a factual dispute that made the plaintiff's likelihood of success on the merits difficult to determine, and that the plaintiff had not shown irreparable injury.

The Supreme Court was correct in stating that where there is a factual dispute that can only be resolved by a trial, a preliminary injunction should ordinarily not be granted (see, Merrill Lynch Realty Assocs. v Burr, 140 AD2d 589, 592-593; Shannon Stables Holding Co. v Bacon, 135 AD2d 804, 805). However, the existence of a factual dispute will not bar the granting of a preliminary injunction if one is necessary to preserve the status quo and the party to be enjoined will suffer no great hardship as a result of its issuance (see, U.S. Ice Cream Corp. v Carvel Corp., 136 AD2d 626, 628; Burmax Co. v B & S Indus., 135 AD2d 599, 600; City Store Gates Mfg. Corp. v United Steel Prods., 79 AD2d 671).

Further, the plaintiff adduced adequate evidence of irreparable injury and a balancing of equities in its favor. Absent a preliminary injunction, there is no assurance that the plaintiff will be able to stay in business pending trial. Specifically, termination of the exclusive distributorship agreements places the plaintiff in real danger of losing its business or suffering dissolution. Such interference with an ongoing business, particularly one which uses an exclusive distributorship arrangement, risks injury for which monetary damages will be inadequate (see, U.S. Ice Cream Corp. v Carvel Corp., 136 AD2d 626, 628, supra). On the other hand, the defendant has not shown that it will even be inconvenienced by a preliminary injunction.

Accordingly, under the circumstances herein, the plaintiff's motion should have been granted to the extent of enjoining the termination of the five exclusive distributorship agree-

ments pending trial. This matter is, however, remitted to the Supreme Court, Kings County, in order to determine the amount of the undertaking the plaintiff must provide in accordance with CPLR 6312 (b). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.