■ In the Matter of EUGENE FEELEY et al., Respondents, v

GUY BALLIRANO et al., Appellants.—In a proceeding pursuant to CPLR article 75 to stay arbitration, *inter alia,* of a dispute concerning interpretation of an employment agreement, Guy Ballirano and Victoria Ballirano appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered March 22, 1988, as (1) granted the petitioners' motion for a preliminary injunction to the extent that the Balliranos were directed to withdraw certain banking resolutions filed with Chase Manhattan Bank and Poughkeepsie Savings Bank designating themselves as sole signatories on corporate bank accounts of Peekskill Muffler Corp., and (2) denied that branch of their cross application pursuant to CPLR 7503 (a) which was to compel arbitration of a dispute concerning the signatories on the corporate bank accounts of Peekskill Muffler Corp.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of the Balliranos' cross application which was to compel arbitration of the dispute concerning the signatories on the corporate bank accounts of Peekskill Muffler Corp. and substituting therefor a provision granting that branch of the Balliranos' cross application; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for a determination of the amount of the undertaking to be filed by the Feeleys pursuant to CPLR 6312 (b).

This case arises out of the breakdown of the relationship between the Feeleys, who are 50% shareholders, and the Balliranos, who are also 50% shareholders, in Peekskill Muffler Corp.

Contrary to the Balliranos' contention, the Supreme Court could properly grant the Feeleys' request for a preliminary injunction to the extent that the Balliranos were directed to withdraw certain banking resolutions filed with Chase Manhattan Bank and Poughkeepsie Savings Bank designating themselves as sole signatories on corporate bank accounts of Peekskill Muffler Corp. *(see,* CPLR 7502 [c]; McLaughlin, 1985 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C7502:4, at 61 [1989 Pocket Part]; *see also, Walter Karl, Inc. v Wood,* 137 AD2d 22, 26). However, the Feeleys should have been required to provide a suitable undertaking (CPLR 7502 [c]; 6312 [b]). Accordingly, the matter is remitted to the Supreme Court, Westchester County, in order

to determine the amount of the undertaking the Feeleys must provide *(see, Mr. Natural v Unadulterated Food Prods.,* 152 AD2d 729).

We note that ordinarily the Feeleys would be required to commence an arbitration proceeding with regard to the issue of the proper signatories on the corporate bank accounts *(see,* McLaughlin, 1985 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C7502:4, at 61 [1989 Pocket Part]). However, in this case, the Balliranos made a cross application to compel arbitration of this dispute. Consequently, in light of the fact that an arbitration proceeding is to be held with respect to the parties' dispute concerning the employment of Eugene Feeley, we find it appropriate to grant the Balliranos' cross application and direct that the pending arbitration proceeding include resolution of the parties' dispute concerning the proper signatories of the corporate bank accounts.

In reaching our determination herein, we have not considered the effect, if any, of any pending proceeding to dissolve Peekskill Muffler Corp. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.