■ PREFERRED EQUITIES CORPORATION et al., Appellants, v

AARON ZIEGELMAN et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the plaintiffs are not in default on certain mortgages, the plaintiffs appeal from an order of the Supreme Court, Queens County (Durante, J.), dated September 7, 1989, which denied their motion (a) for a preliminary injunction prohibiting the individual defendants from enforcing rights of ownership claimed under a stock pledge agreement, and (b) for priority of depositions pursuant to CPLR 3103.

Ordered that the order is affirmed, with costs, and the temporary restraining order dated June 16, 1989, and continued by decision and order of this court dated September 11, 1989, is vacated.

The plaintiff Preferred Equities Corporation (hereinafter Preferred) formed the other seven plaintiff corporations as wholly owned subsidiaries in 1984 for the purpose of purchasing 424 occupied condominium units from the individual defendants. The total purchase price was over $16,000,000, and the subsidiary corporations borrowed all but a small fraction of that amount from the individual defendants. The loans were secured by mortgages covering the condominium units, by Preferred's limited guarantee of the payment obligations of its subsidiaries and by a stock pledge agreement between Preferred and the individual defendants. Under a stock pledge agreement, in the event of a default by the subsidiaries on their mortgage obligations, the sellers could transfer the shares of the subsidiary corporations into their own names. At the time the units were purchased, the subsidiaries contracted with the defendant Zeal Management Corporation (hereinafter Zeal) to manage the rental units and to sell the vacant units. The defendants Aaron Ziegelman and William Langfan owned Zeal and provided each subsidiary with a written guarantee that Zeal would perform its obligations under the management agreement.

In June 1989 the plaintiffs commenced this action which alleged, *inter alia,* that the defendants had breached their fiduciary duties under the management agreements. In addition to damages, the plaintiffs sought a declaration that the defendants' conduct had prevented them from meeting their mortgage obligations, that the plaintiffs were not in default on the mortgages and that the defendants were estopped from enforcing their rights under the stock pledge agreement. At the same time that the action was commenced, the defendants notified Preferred that the subsidiaries were in default on their mortgage obligations and that they intended to exercise

their rights under the stock pledge agreement. The plaintiffs moved, *inter alia,* for a preliminary injunction to prevent the defendants from taking control of the pledged shares.

We conclude that the court's denial of a preliminary injunction was not an improvident exercise of discretion. In order to obtain a preliminary injunction, a party must show: (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that the equities are balanced in its favor *(see, Grant Co. v Srogi,* 52 NY2d 496; *Moody v Filipowski,* 146 AD2d 675). Here the factual disputes evident in this record preclude a determination that the plaintiffs are likely to succeed on the merits *(see, Shannon Stables Holding Co. v Bacon,* 135 AD2d 804). Although in some situations a preliminary injunction may be issued to preserve the status quo, despite the existence of factual disputes, because no injury will result to the enjoined party, this is not such a case *(cf., Mr. Natural v Unadulterated Food Prods.,* 152 AD2d 729).

Furthermore, by failing to show that damages will be insufficient, the plaintiffs failed to demonstrate irreparable injury *(see, L. J. Coppola, Inc. v Park Mechanical Corp.,* 131 AD2d 641; *Di Stefano v PSFB Assocs.,* 103 AD2d 839). Moreover, the equities are not balanced in the plaintiffs' favor. The plaintiffs failed to offer convincing evidence that their conceded default on the mortgage obligations was caused by the defendants' conduct. Yet, if an injunction is issued, the plaintiffs' continued default could cause the defendants to default on loans which were obtained from banks using the plaintiffs' mortgages as collateral.

That branch of the plaintiffs' motion which was for an order granting them priority of depositions over the defendants was properly denied. In the absence of a showing that the pertinent facts were wholly within the knowledge of the defendants, a reversal of the normal order of priority was not necessary *(see, NOPA Realty Corp. v Central Caterers,* 91 AD2d 991; CPLR 3106 [a]). Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.