■ HAKIM CONSULTANTS LTD., Respondent, v FORMOSA LTD. et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 20, 1990, which denied defendants' motion for a protective order and directed plaintiff's depositions of defendants to proceed prior to the deposition by defendants of plaintiff, reversed, on the law, the facts, and in the exercise of discretion and the defendants' motion for a protective order granted, without costs.

In this action by a minority shareholder for breach of a shareholders' agreement, served on or about September 12, 1990, defendants, on or about October 12, 1990, answered and

noticed the plaintiff for deposition on November 15, 1990. Plaintiff's principal is a resident of Israel and sought to have the examination take place in mid-December 1990. Plaintiff also noticed the defendants for depositions prior to that of the plaintiff. The motion court denied the defendants' motion for a protective order and scheduled the depositions, giving plaintiff priority. In the absence of special circumstances, priority of deposition belongs to the defendant if a notice for examination is served with the answer. (CPLR 3106 [a]; *Bucci v Lydon,* 116 AD2d 520 [1986].) The alleged breach of a shareholder's fiduciary duty and the fact that plaintiff's principal is a resident of Israel do not, as plaintiff contends, constitute special circumstances here. Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.

Ellerin, J., dissents in a memorandum as follows: In this action by a minority stockholder for breach of fiduciary duty, plaintiff's witness was *en route* to New York from the Middle East for purposes of being deposed when defendants advised that they were not prepared to go forward with the deposition on the scheduled date thereby necessitating a further overseas trip by the witness in the future for such purpose. Under such circumstances I cannot find that the IAS Court abused its discretion when it granted plaintiff the right to depose one of the defendants and a defense witness prior to the necessitated further return of plaintiff's witness. The IAS Judge, who is familiar with the case and the prior proceedings therein, is ordinarily in the best position to monitor the progress of that case, including discovery. Accordingly, I would affirm.