GREGORY V. SERIO, as Superintendent of Insurance of the State of New York and Rehabilitator of FRONTIER INSURANCE COMPANY, Respondent, v HARRY W. RHULEN et al., Defendants, and THEODORE J. RUPLEY, Appellant. [815 NYS2d 320]—

Spain, J. Appeal from an order of the Supreme Court (Clemente, J.), entered October 12, 2005 in Sullivan County, which required defendant Theodore J. Rupley to submit to a deposition.

Plaintiff, appointed rehabilitator of Frontier Insurance Company in 2001 (*see* Insurance Law art 74), commenced this action against 18 officers and directors of Frontier, including defendant Theodore J. Rupley, alleging breach of fiduciary duties, diversion of funds and other claims. In 2004, Supreme Court

denied defendants'* motion to dismiss, which this Court later affirmed (24 AD3d 1092 [2005]). Rupley did not appeal and, instead, answered the complaint in September 2004 and simultaneously served plaintiff with a notice of deposition scheduled for November 15, 2004 (*see* CPLR 3107) and a request for the production of documents (*see* CPLR 3120, 3102 [a]). Plaintiff provided an amended bill of particulars and sought a protective order (*see* CPLR 3103) precluding defendants from deposing plaintiff, citing plaintiff's lack of personal knowledge and the prematurity of the request in view of the fact that document requests had just been served. Rupley opposed the protective order, but agreed to delay deposing plaintiff provided that he retain the priority of deposition conferred by CPLR 3106 (a). Supreme Court denied plaintiff's motion, apparently orally during a conference held on November 23, 2004.

Due to the prodigious volume of documents that plaintiff produced at Frontier's site, Rupley and the other defendants elected to have them electronically scanned, which was accomplished by hiring a vendor who was given access on a rolling basis; the actual scanning process was reportedly completed in October 2005. In September 2005, plaintiff served defendant with a notice of deposition (scheduled for October 17, 2005) specifying the documents upon which plaintiff intended to base the questions. Rupley objected, asserting that he had not waived the priority of deposition afforded him under CPLR 3106 (a). Rupley also argued that plaintiff has not produced all documents requested and that requiring him to submit to a deposition prior to disclosure and his completed review of those documents would be prejudicial. After hearing arguments, Supreme Court issued a written decision directing plaintiff's deposition of Rupley to proceed, finding that plaintiff's "interest in moving this case forward . . . outweighs [Rupley's] interests" in his priority of deposition or complete predeposition document production. On Rupley's appeal, this Court granted a stay of Supreme Court's order.

We find merit to Rupley's claim that he preserved the right to priority of deposition conferred by CPLR 3106 (a) and, therefore, reversal of Supreme Court's order requiring his deposition to proceed is warranted. Under CPLR 3106 (a), "[a]s a general rule, in the absence of 'special circumstances,' priority of [deposition] examination belongs to the defendant if a notice therefor is served within the time to answer; otherwise, priority belongs to the party who first serves a notice of examination" (*Bucci v*

---

* All claims against defendant Linda Markovitz were later discontinued by stipulation.

*Lydon*, 116 AD2d 520, 521 [1986]; *see Hakim Consultants v Formosa Ltd.*, 175 AD2d 759, 760 [1991]; *Beck v General Tire & Rubber Co.*, 98 AD2d 756, 756 [1983], *lv dismissed* 63 NY2d 603 [1984]; *NOPA Realty Corp. v Central Caterers*, 91 AD2d 991, 992 [1983]; *see also Church & Dwight Co. v UDDO & Assoc.*, 159 AD2d 275, 275-276 [1990]; *Buchwald v Moskowitz*, 142 Misc 2d 763, 765 [1989]; *cf. SPA Realty Assoc. v Springs Assoc.*, 155 AD2d 839 [1989]). Simply stated, the rationale for the implied statutory priority given to defendants is that "the defendant is blameless until the plaintiff proves otherwise; therefore, in the absence of special circumstances, the defendant should be given the chance to examine first in order to find out what the case [i.e., the allegations in the complaint] is about" (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3106.02; *see Rapillo v Saint Barnabas Hosp.*, 93 AD2d 760, 760 [1983]; *Van Valkenburgh, Nooger & Neville v Rider Publ.*, 24 AD2d 437, 438 [1965]; *see also Sweet v Liggett Group*, 92 AD2d 500, 501 [1983]; Siegel, NY Prac § 354, at 580 [4th ed]).

Here, defendant served a notice of deposition upon plaintiff within his response time and, thus, there is no question he obtained priority of deposition (*see Beck v General Tire & Rubber Co., supra; 370 Hamilton Ave. v Allied Outdoor Adv.*, 84 AD2d 518, 519 [1981]). The order of normal priority may be reversed only upon plaintiff's showing of special circumstances, such as the existence of a fiduciary relationship between the parties (*see NOPA Realty Corp. v Central Caterers, supra; Halitzer v Ginsberg*, 80 AD2d 771 [1981]; *see also* 7A Carmody-Wait 2d § 42:332; *Buchwald v Moskowitz, supra; cf. Hakim Consultants v Formosa, Ltd., supra*) or where the facts sought to be elicited are peculiarly within the knowledge of the defendant or the information is within the defendant's custody (*see NOPA Realty Corp. v Central Caterers, supra; Halitzer v Ginsberg, supra; see also Sweet v Liggett Group, supra; Wunner v Maguire*, 66 AD2d 797 [1978]; *McKenzie Mgt. & Research Co. v Lee Natl. Corp.*, 36 AD2d 602 [1971]; *cf. Preferred Equities Corp. v Ziegelman*, 155 AD2d 424, 426 [1989]). Plaintiff made no such showing and Supreme Court did not find any special circumstances.

Of course, priority may be deemed abandoned "where a party fails to diligently pursue disclosure and is dilatory, thereby impeding the progress of litigation" (*Bucci v Lydon, supra* at 521; *see Grosso Moving & Packing Co. v Damens*, 261 AD2d 339 [1999]; *Rapillo v Saint Barnabas Hosp., supra; see also* 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3106.01). However, plaintiff did not demonstrate that Rupley failed to use reason-

able diligence in pursuing disclosure of the voluminous documents produced; indeed, Supreme Court did not conclude that the protracted discovery process was attributable to dilatory tactics by Rupley, and the record on appeal would not support that conclusion (*see Buchwald v Moskovitz, supra* at 765). Rupley's acquiescence to delaying plaintiff's deposition until document production had progressed was accompanied by an express preservation of his statutory priority, which he clearly did not intend to abandon and, under these circumstances, he cannot be deemed to have done so.

We are certainly mindful of plaintiff's duties under the order of rehabilitation and of the protective statutory role of a rehabilitator of an insolvent insurer (*see* Insurance Law §§ 7402, 7403). However, on this record, plaintiff did not make a compelling showing that this factor or his general interest in making progress with this case warranted depriving Rupley of his statutory priority and, thus, Rupley's priority should not have been divested. We iterate that Rupley remains bound to use reasonable diligence in pursuing plaintiff's deposition, that his priority is not indefinite, and that Supreme Court retains broad discretion to issue protective orders governing disclosure, including priority of depositions (*see* CPLR 3103; *see also Watts v Peekskill Bell*, 147 AD2d 838, 839 [1989]). We also emphasize the need for the trial court to issue and enforce a scheduling order to facilitate the completion of the outstanding discovery requests and resolve disagreements, and depositions.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant Theodore J. Rupley's request for an order directing his priority of depositions is granted.