# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1057**
**CA 16-00344**
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

MARK D. WELLS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

THE HURLBURT ROAD COMPANY, LLC, ANTHONY
CILIBERTI AND ANN G. KLEIN, TRUSTEES OF THE
ANN G. KLEIN MARITAL TRUST, RICHARD M. KLEIN,
NANCY L. KLEIN, LAURIE KLEIN-COLETTI AND
RICHARD W. COOK, TRUSTEES OF THE HURLBURT
TRUST, AND RICHARD W. COOK, TRUSTEE OF THE
MANLIUS-KLEIN CHILDREN'S TRUST,
DEFENDANTS-RESPONDENTS.

---

LINDENFELD LAW FIRM, P.C., CAZENOVIA (JANA K. MCDONALD OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (JULIAN B. MODESTI OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered May 19, 2015. The order, inter
alia, granted defendants' motion to dismiss plaintiff's second cause
of action.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion and reinstating
the second cause of action, and as modified the order is affirmed
without costs.

Memorandum: Plaintiff commenced this action seeking, among other
things, equitable relief pursuant to his second cause of action
alleging a breach of trust or fiduciary duty on the part of Richard W.
Cook (defendant) in his capacity as trustee of the Manlius-Klein
Children's Trust (trust), in which plaintiff has a 25% beneficial
interest. Plaintiff appeals from an order that, inter alia, granted
defendants' CPLR 3211 (a) (7) motion to dismiss the second cause of
action and denied that part of plaintiff's cross motion seeking to
alter the priority in conducting depositions.

We agree with plaintiff that Supreme Court erred in granting
defendants' motion. In considering a motion to dismiss pursuant to
CPLR 3211, the court must accept the facts as alleged in the complaint
as true, accord plaintiff the benefit of every favorable inference,
and determine only whether the facts alleged fit within a cognizable

legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88).  Here, we conclude that plaintiff's second cause of action sufficiently stated a claim against defendant for breach of fiduciary duty, namely, the duty to treat all beneficiaries of the trust impartially (*see Redfield v Critchley*, 252 App Div 568, 573, *affd* 277 NY 336, *rearg denied* 278 NY 483; *Matter of George Goldberg Irrevocable Trust*, 159 Misc 2d 1107, 1108; *see also Zim Israel Nav. Co. v 3-D Imports, Inc*., 29 F Supp 2d 186, 192).  Plaintiff has adequately alleged the elements of a cause of action for breach of fiduciary duty, including the existence of a fiduciary relationship, misconduct by defendant, and damages directly caused by that misconduct (*see Matter of Lorie DeHimer Irrevocable Trust*, 122 AD3d 1352, 1352-1353; *Rut v Young Adult Inst., Inc*., 74 AD3d 776, 777), and it cannot be determined as a matter of law that the loan transaction engaged in by defendant treated all of the beneficiaries equally (*see generally Leon*, 84 NY2d at 87-88).  We modify the order accordingly.

Contrary to plaintiff's contention, the court did not abuse its discretion in denying that part of his cross motion seeking to alter the usual priority of depositions.  There are no " 'special circumstances' " or other grounds in the record warranting such an alteration (*Serio v Rhulen*, 29 AD3d 1195, 1196-1197; *see generally Kenna v New York Mut. Underwriters*, 188 AD2d 586, 588).

Entered:  December 23, 2016

Frances E. Cafarell
Clerk of the Court