**Jianqiu Xia v Finnie**

2025 NY Slip Op 32385(U)

July 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 517654/2025

Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 7th day of July 2025.

PRESENT:
Honorable Reginald A. Boddie
Justice, Supreme Court

------------------------------------------------------------------------x

JIANQIU XIA and ERKIN TAGIEVICH
MAMARIZAYEV, both suing individually and as
majority shareholders on behalf of 777 BEK INC.,

          Plaintiffs,

          -against-

OLGA FINNIE a/k/a OLGA MAMARIZAYEV,
XYZ CORP., JOHN DOE and JANE DOE,

          Defendants.

------------------------------------------------------------------------x

Index No. 517654/2025

Cal. No. 18    MS 1

**Decision and Order**

The following e-filed papers read herein:
MS 1

NYSCEF Doc Nos.
2-12, 15-16, 46-58

Plaintiffs' motion for injunctive relief and the appointment of a temporary receiver is decided as follows:

## Background

This action arises out of the purported wrongful and hostile takeover of plaintiff 777 BEK Inc. ("777 BEK Inc.") by defendant Olga Finnie, who is alleged to have excluded plaintiffs Jianqiu Xia ("Xia"), a 50% shareholder in 777 BEK Inc., and Erkin Mamarizayev ("Mamarizayev"), a 25% shareholder in 777 BEK Inc., from the business, looting corporate assets, diverting funds,

1

[* 1]

terminating employees and operating a separate business in the company's premises. Through the instant order to show cause dated May 30, 2025, plaintiffs moved for a temporary restraining order (the "TRO"), preliminary injunction, and the appointment of a temporary receiver. Plaintiffs submitted affidavits, photographs, bank records and corporate documents in support of their motion, arguing irreparable harm, likelihood of success on the merits and a balance of equities in their favor. The interim relief sought by plaintiffs was granted by the Court on May 30, 2025.

On June 6, 2025, defendant Olga Finnie a/k/a Olga Mamarizayev moved by order to Show Cause to vacate or modify the TRO pursuant to CPLR 6314 and 5015(a), alleging that it was obtained through fraud. Defendant claimed that Xia submitted forged corporate minutes falsely reflecting his purported 50% shareholder ownership in 777 BEK Inc., as well as his alleged status as president of the entity in question. Defendant denied signing the corporate minutes at issue and submitted an expert report challenging the authenticity of the signature. Defendant also argued that Xia lacks standing to pursue the present action, that a prior pending dissolution proceeding bars this action and that the TRO is causing irreparable harm to the business.

In opposition to defendant's order to show cause, plaintiffs argued that the TRO was properly granted and not procured through fraud. They submitted evidence purportedly reflecting Xia's 50% ownership interest in 777 BEK Inc., including tax returns, lease documents, internal records and defendant's own text messages and letters confirming the parties' respective ownership interest allocation in 777 BEK Inc. Plaintiffs also submitted an expert report purporting to authenticate the disputed minutes and accused defendant of perjury and forum shopping. Plaintiffs opine that defendant's alleged unilateral seizure of the business warrants injunctive relief, irrespective of the nature of the parties' ownership interests in 777 BEK Inc.

2

[* 2]

By Decision and Order dated June 6, 2025, the Court denied defendant's motion to vacate the TRO, holding that plaintiffs' evidence supported its issuance and that the alleged forgery of the meeting minutes presented a factual dispute not warranting vacatur.

In opposition to plaintiff's order to show cause, defendant reiterated that Xia and Mamarizayev, along with nonparty Lisa Zheng, fraudulently claimed majority ownership in 777 BEK Inc. through forged documents. Defendant argued that she and Mamarizayev each own a 50% stake in 777 BEK Inc., while Xia was a mere former creditor of 777 BEK Inc., whose loan has been repaid. Defendant cited contradictory filings and expert analysis, accused plaintiffs of embezzlement and asserted that the continuation of injunctive relief would undermine the operations of 777 BEK Inc. and serve as a vehicle for further misconduct on the part of plaintiffs.

Plaintiffs responded that defendant's opposition largely reiterated arguments already raised and rejected by the Court in the June 6, 2025 Decision and Order. Plaintiffs thus requested that the Court consider their previously filed opposition papers, which directly address the disputed evidence.

## Discussion

It is well settle that "[a]lthough the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (*Alayoff v Alayoff*, 112 AD3d 564, 565 [2d Dept 2013] [citation omitted]). As such, to obtain a preliminary injunction, "a movant must establish, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (*id.*). Notably, to qualify for a preliminary injunction, the "movant must show that the irreparable harm is imminent, not remote or speculative" (*Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2d Dept

3

[* 3]

2010] [citations and internal quotation marks omitted]). Significantly, "[e]conomic loss, which is compensable by money damages, does not constitute irreparable harm" (*id.*). As New York courts have consistently held, the "decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*id.*).

In the instant action, plaintiffs have established by clear and convincing evidence a likelihood of success on the merits on their breach of fiduciary duty claim against defendant. It is axiomatic that "[t]he elements of a breach of fiduciary duty cause of action are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Stinner v Epstein*, 162 AD3d 819, 820 [2d Dept 2018] [citations omitted]). Defendant, as a 25% shareholder of 777 BEK Inc., stands in a fiduciary relationship with plaintiffs, who are co-owners in the jointly held corporation. Plaintiffs' affidavits and supporting exhibits – including, among other evidence, photographs of the company's safe visibly pierced with a hole, a letter from the bank confirming the closure of the company's account, and defendant's email to the company's accountant stating that she "would like to close the payroll for my company 777 BEK Inc." - buttress the plaintiff's position that defendant breached her fiduciary duty by misappropriating corporate assets, winding down operations, excluding plaintiffs from the business and diverting funds. These actions, if established, constitute a manifest violation on the part of defendant of the duty of loyalty and good faith owed to fellow shareholders. The resulting harm, including loss of access to corporate property, disruption of business functions and potential forfeiture of the corporate leasehold, represents damages directly brought about through defendant's misconduct.

As the present action is in a nascent pre-answer, pre-discovery stage, myriad material issues of fact remain based solely on the preliminary injunction record. However, it is well established

4

[* 4]

that "the existence of a factual dispute will not bar the granting of a preliminary injunction if one is necessary to preserve the status quo and the party to be enjoined will suffer no great hardship as a result of its issuance" (*Mr. Nat., Inc. v Unadulterated Food Products, Inc.*, 152 AD2d 729, 730 [2d Dept 1989] [citations omitted]). In the action before the Court, plaintiffs have demonstrated that, absent injunctive relief, they will suffer irreparable harm that cannot be remedied through monetary damages alone. This includes the termination of employees, the disruption of vendor and customer relationships and the imminent risk of default on the company's lease, which could lead to eviction and the concomitant loss of the business premises.

A narrowly-circumscribed injunction, enjoining defendant from interfering with plaintiffs' access to the business, and from transferring, concealing, or dissipating corporate assets, is appropriately tailored and should be continued as a preliminary injunction. Defendant has not established that she would suffer inconvenience, much less meaningful hardship, by virtue of the continuation of this relief, which merely operates to preserve the status quo and averts further harm. The balance of equities therefore weighs decisively in favor of plaintiffs.

The foregoing notwithstanding, plaintiffs fail to make the requisite evidentiary showing warranting the appointment of a temporary receiver. Indeed, the "appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits" (*Schachner v Sikowitz*, 94 AD2d 709, 709 [2d Dept 1983] [citation omitted]). As such, this drastic remedy "is to be granted only where the applicant makes a clear evidentiary showing of the necessity for the conservation of property and the protection of the interests of the litigant" (*id.* [internal quotation marks omitted]). In these circumstances, in light of the unresolved material factual disputes and the availability of less

5

[* 5]

drastic relief via a preliminary injunction, the appointment of a receiver is not warranted at this juncture.

## Conclusion

Based on the foregoing, plaintiffs' motion for a preliminary injunction is granted to the extent that defendants are enjoined from (1) interfering with plaintiffs' rights as owners of 777 BEK Inc.; (2) transferring, concealing, destroying, taking, or dissipating any funds, inventory, or assets of 777 BEK Inc.; (3) excluding plaintiffs from the business premises or accounts of 777 BEK Inc.; and (4) terminating any further business relationships, vendor contracts, or employees of 777 BEK Inc. without obtaining the written agreement of all owners. Plaintiffs shall post an undertaking pursuant to CPLR 6312(b) in the amount of $5,000 within 20 days of entry of this Decision and Order. The remainder of plaintiffs' motion is denied.

Any argument not explicitly addressed herein was considered and deemed to be without merit or unnecessary to address given the court's determination.

E N T E R:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

6

[* 6]