Anderson v Lubin

2026 NY Slip Op 02440

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Griffin Anderson et al., Plaintiffs-Respondents,

v

Joseph Lubin et al., Defendants-Appellants.

Decided and Entered: April 23, 2026

Index No. 655151/23|Appeal No. 6436|Case No. 2025-05030|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Nagy Wolfe Appleton LLP, New York (Tibor L. Nagy, Jr. of counsel), for appellants.

Susman Godfrey L.L.P., New York (Eve Levin of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 15, 2025, which, to the extent appealed as limited by the briefs, denied defendants' motion to vacate the court's June 17, 2025 compliance conference order, unanimously modified, on the law, to grant the motion to the extent of preserving defendants' party deposition priority under CPLR 3106(a) with respect to depositions noticed before defendants' time to answer has elapsed, and to permit defendants to depose each plaintiff in this action, and otherwise affirmed, without costs.

Supreme Court should have granted defendants' motion to vacate the compliance conference order so as to preserve their priority in taking party depositions. Where a plaintiff seeks to depose a defendant before a responsive pleading is due, CPLR 3106(a) requires that "[l]eave of the court, granted on motion, shall be obtained if notice of the taking of the deposition of a party is served by the plaintiff before that party's time for serving a responsive pleading has expired." Where, as here, defendants have filed a pre-answer motion to dismiss, extending their time to answer under CPLR 3211(f), the extension also applies to the period in CPLR 3106(a) (see Peralta v John Tara, Inc., 30 AD3d 256, 256 [1st Dept 2006]; Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3106:2. Accordingly, in order to obtain a priority for party depositions, plaintiffs were required to move for leave, which they did not do (CPLR 3106[a]). In addition, the record does not contain any evidence that plaintiffs served a party deposition notice before defendants moved to preserve their priority.

Additionally, in order to deviate from the usual priority, plaintiffs were required to show that "special circumstances warrant the plaintiff's examining first," in which case, "the court has ample authority to vary priorities" (Halitzer v Ginsberg, 80 AD2d 771, 772 [1st Dept 1981] [internal ellipses omitted]). To establish special circumstances, plaintiffs must show that there is a fiduciary duty between the parties and circumstances "in which the pertinent facts are wholly within the knowledge of the defendant" (NOPA Realty Corp. v Central Caterers, 91 AD2d 991, 992 [2d Dept 1983]).

Here, however, Supreme Court could not have adequately evaluated the extent to which any special circumstances might exist because plaintiffs failed to oppose the motion. Therefore, although nonparty depositions are not subject to priority and may proceed under the court's deadlines, together with document discovery, defendants' party deposition priority remains intact to the extent provided under CPLR 3106(a).

[*2]

Supreme Court also should not have limited defendants' party depositions to 10 of the 27 plaintiffs. Where each plaintiff sues in his individual capacity, "[d]efendant is entitled, if it deems it necessary, to examine each plaintiff with respect to matters that are relevant and material" (Histon v Hearn Dept. Stores, Inc., 8 AD2d 801, 802 [1st Dept 1959]). Although rule 11-d(a)(1) of the Commercial Division Rules (22 NYCRR 202.70) presumptively limits each side to 10 depositions, rule 11(f) provides that "the court should consider the appropriateness of altering prospectively the presumptive limitations on depositions set forth in Rule 11-d." Accordingly, Supreme Court should have modified the compliance conference order to permit defendants to depose each individual plaintiff to ascertain the substance of each plaintiff's claims.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026